No. 30,075.

THE STATE OF KANSAS, *Appellee,* v. D. L. SMITH, *Appellant.*

(3 P. 2d 487.)

Opinion filed October 10, 1931.

*George McGill, H. C. Castor* and *V. J. Rogers,* all of Wichita, for the appellant.

*Roland Boynton,* attorney-general, *R. C. Woodward,* county attorney, *Stanley Taylor* and *C. G. Morris,* both of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of the crime of grand larceny for the theft of a quantity of oil-well casing. He appeals, assigning errors which center about what he regards as the insufficiency of the evidence to support the verdict.

The main features of the state's evidence were to this effect: One G. L. Ramsey owned a quantity of 6⅝-inch casing which was stored on a tract of land in Butler county known as the Plummer lease. One S. W. Forrester was engaged in drilling an oil well on a tract of land in Cowley county known as the Countryman lease, some thirty miles from the Plummer lease. Forrester needed some 6⅝-inch casing, and defendant Smith, who dealt in secondhand supplies for oil and gas wells, agreed to furnish it. Shortly thereafter Smith hired a truck driver to go to the Plummer lease and get the casing. The truck driver did so and delivered it at the Countryman lease. Defendant Smith told the truck driver that if anybody should ask who hired him to haul the pipe to say that a Mr. Wilson did. The truck driver testified that he knew Smith's right name, as he had previously done business with him. The day after the stolen pipe was delivered defendant called on Forrester and said he would like to be paid for the casing within a few days. Some days later Forrester saw defendant, but ere then defendant had been arrested for the theft of the casing, and Forrester told him he would not pay for it until he learned to whom it belonged.

Some details of the state's evidence which included significant discrepancies in defendant's statements touching his own whereabouts at and about the time the larceny was committed and other incidents of slight probative value need not be set down here. A skillful defense developed some minor weaknesses in the state's case against the defendant, and emphasis is now placed on the fact that the state's evidence, in part, was circumstantial. Be that as it may, there is no analogy between this case and that of *State v. Moskowitz*, 115 Kan. 485, 223 Pac. 279, where this court was constrained to hold that there was no evidence of any sort to support the charge. Here this court has no hesitancy in declaring that the evidence briefly summarized above was quite sufficient to require its submission to a jury and to forbid us to disturb that jury's verdict.

The judgment is affirmed.