No. 34,472

THE STATE OF KANSAS, *Appellee*, v. CECIL ATHERTON, *Appellant*.

(100 P. 2d 63)

Opinion filed March 9, 1940.

*A. L. Billings*, of Independence, for the appellant.

*Jay S. Parker*, attorney-general, *A. B. Mitchell*, assistant attorney general, and *Glenn Jones*, of Parsons, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The defendant was charged and convicted of grand larceny under the provisions of G. S. 1935, 21-533, and from that judgment he has appealed.

The information charged the stealing, taking and carrying away of personal property consisting of two dual tires, tubes and wheels from a truck, the property of one Frank Henderson. In order to constitute grand larceny it was necessary that the value of that property be not less than $20.

Appellant first complains of certain matters which occurred at the trial touching the subject of value. One of the complaints is the trial judge interrogated a witness upon that subject. The complaint is without merit. The purpose of a trial in a criminal case is to ascertain the truth of the matters with which a defendant is charged and it is a part of the business of the trial judge to see that this end is attained. (*State v. Keehn,* 85 Kan. 765, 118 Pac. 851; *State v. Miller,* 127 Kan. 487, 274 Pac. 245.) Here the trial judge asked only a few helpful questions designed to expedite the trial. It is, of course, not proper for a trial judge to take the examination of a witness out of the hands of counsel nor to assume a partisan attitude. (*State v. Ridge,* 141 Kan. 60, 67, 40 P. 2d 424.) The interrogatories in the instant case were not remotely open to just criticism.

Complaint is also made that the trial judge interfered with the examination of a witness while the witness was attempting to testify on the subject of value. The trial judge merely defined for the witness the meaning of the words, "market value," in order that the witness might clearly understand how that value was determined. He advised the witness that market value meant the fair value of property as between one who desired to sell and one who desired to purchase. The statement was correct. (*K. C. W. & N. W. Rld. Co. v. Fisher,* 49 Kan. 17, 30 Pac. 111; *Hamilton v. Railway Co.,* 95 Kan. 353, 356, 148 Pac. 648.) Such interference by the trial judge was not only permissible, but it was highly commendable. It assisted the witness and the jury in arriving at the truth of the inquiry under consideration.

Appellant contends there was no evidence the value of the property was $20 or more. The contention is refuted by the record. There was ample competent evidence on the subject.

Appellant also urges the complaining witness should not have been

permitted to testify for the first time on rebuttal concerning the value of the property. The record discloses no objection to that testimony and there was ample testimony introduced on that subject by the state in its case in chief. On appeal this court must give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties. (G. S. 1935, 62-1718.)

Appellant insists a witness was permitted to guess at the fair market value of the tires, since the witness had not inspected the inside of the tires. The testimony was not incompetent for that reason. That particular testimony may not have had great weight, but its weight was determinable only by the scales of the jury. Moreover, appellant is in no position to complain concerning that testimony for other reasons. It was the testimony of his own witness and was favorable to appellant. It fixed the value of the property at less than $20.

Appellant argues the case should never have been submitted to the jury and the trial court should have directed a verdict of acquittal for the reason the state relied entirely on circumstantial evidence and that such evidence did not exclude every reasonable supposition or hypothesis other than the defendant's guilt. The argument cannot be sustained for at least two reasons. In the first place, a careful review of the record discloses no challenge of the sufficiency of the state's evidence to take the case to the jury. Obviously appellant cannot now complain concerning that matter. In the second place, appellant is in error in his contention the conviction was based entirely on circumstantial evidence. In support of his contention he relies upon a circumstantial-evidence case which is not in point. (*State v. Moskowitz,* 115 Kan. 485, 223 Pac. 279.) In that case this court reversed a judgment of conviction. The state's difficulty in that case was that it failed utterly to produce even circumstantial evidence of guilt. (See p. 488 of that opinion, and also *State v. Smith,* 133 Kan. 765, 766, 3 P. 2d 487, which later case was quite similar to the instant case, and in which the Moskowitz case was distinguished.)

It will serve no useful purpose to narrate much of the evidence in the instant case. It is sufficient to note that the instant case was not based upon circumstantial evidence alone. Nor was this a case in which the conviction rested upon facts which disclosed merely possession by appellant of recently stolen property. The state's evidence, among other facts, disclosed the following: Frank Hender-

son, the owner of the stolen property, operated a pipe-line yard at Cherryvale. He had last used the truck, from which this property was removed, on February 21, 1939. He did not miss the stolen property until March 5, 1939. Appellant was arrested at a junk yard at Independence, Kan., with the property in his possession on March 6, 1939. After appellant obtained possession of the property, and prior to his arrest, he made several attempts to sell the property to a man by the name of Graham, who lived about four miles east of Independence. There was direct evidence by Graham and by Graham's mother that appellant made several attempts to sell this property to Frank Graham. He also tried to trade it to the Grahams for a pig. Both Frank Graham and his mother testified that appellant had stated this property "was hot." He stated "it was not too hot." The reason he gave for stating it was not "too hot" was because the owner of the property was in California. The owner of the property was not in California, but was then living in the near-by town of Cherryvale. Graham notified the police at Independence that appellant had the property. Graham then arranged with appellant for both of them to take the property to an Independence junk yard owned by Clyde Snodgrass, for sale. Appellant attempted to sell the property to the manager of the junk yard. While this transaction was in progress, the police conveniently came upon the scene and arrested both Graham and the appellant. Shortly after the arrest, Graham was released. Appellant apparently realized what had taken place when the police appeared almost immediately upon his arrival at the junk yard. At the time of his arrest appellant made conflicting explanations concerning the manner in which he had obtained the property. One explanation was that he had received the property from Graham. Another explanation was that he found the property in a strawstack east of Cherryvale.

Appellant's counsel earnestly urge Frank Graham, and not the appellant, stole the property. The jury, unfortunately for appellant, resolved that dispute and contention against the appellant on conflicting evidence. The trial court approved the verdict. We are not concerned with appellant's evidence, which it appears the jury disbelieved. There is substantial evidence to support the verdict, and in the absence of reversible trial errors we are not permitted to disturb the judgment.

It is also suggested there was error in the instructions. There is no sound basis for the suggestion. The instructions appear entirely adequate, and afforded appellant a fair trial. This court is obliged to affirm the judgment. It is so ordered.