**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George STEVENS, Defendant-Appellant.
No. 71–1458.**

United States Court of Appeals,
Seventh Circuit.

March 27, 1972.

Rehearing Denied May 31, 1972.

**318**

Curry First, Hayes, Peck & Gerlach, Milwaukee, Wis., for defendant-appellant.

David J. Cannon, U. S. Atty., Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before SWYGERT, Chief Judge, and KILEY and STEVENS, Circuit Judges.

SWYGERT, Chief Judge.

Defendant George Stevens appeals from a judgment of conviction following a jury verdict of guilty of a charge that he drove a stolen automobile from Chicago to Milwaukee knowing it was stolen, in violation of 18 U.S.C. § 2312.

The defendant was arrested in Milwaukee on July 14, 1970 for carrying a concealed weapon. At that time he was in possession of the car which is the subject matter of the instant prosecution. He told the arresting police that the car was his and the reason he had no title to it was because he was still making purchase payments. After being released from custody the defendant drove the automobile to Texas where he was ultimately arrested on the Dyer Act charge. At the trial it was stipulated that the car was in fact stolen in Chicago on June 23, 1970.

The defendant claims that he was deprived of the effective assistance of counsel because of the ineptness of his court-appointed lawyer. He also seeks reversal of his conviction on the grounds that the trial judge erred in not conducting, sua sponte, a competency hearing pursuant to 18 U.S.C. § 4244 and not instructing the jury with regard to the defense of insanity. We reject the defendant's contentions and affirm his conviction.

Underlying defendant's challenges to his conviction is the fact that he has been a chronic user of an indiscriminate variety of drugs for more than twenty years. The defendant testified that the use of such drugs deprived him of the faculty of memory for intermittent, but substantial portions of his recent life, including the period during which the crime of which he was convicted occurred. With regard to the question of the adequacy of trial counsel, the defendant asserts that the presentation of an "incongruous defense theory" which "confused" the defenses of incompetency, insanity, and lack of (or inability to form) specific intent is compelling evidence of his counsel's ineptitude. As to the question of his competency to stand trial, defendant urges that evidence of his sporadic amnesia, attributable to heavy drug use, is sufficient standing alone to raise a question of competency

to stand trial, or, if not, is sufficient to raise that question on this record where the trial judge expressed some dissatisfaction with the report of the psychiatrist appointed by the court to report on the defendant's competency and also indicated some doubt about the defendant's competency during the trial. Finally, the only evidence in the record related to the defendant's mental state relates to his drug use and its consequences, and we assume that it is that evidence which prompts defendant's appellate counsel to assert as error the failure of the trial court to instruct the jury on the defense of insanity.

The evidence before the trial court regarding the defendant's mental condition was sparse. Upon motion of the defendant's attorney, the trial court ordered a psychiatric examination of the defendant to determine his competency to stand trial. The psychiatrist reported to the court that, at the time of the examination (a month and a half before trial), the defendant understood the nature and quality of the act with which he was charged and the nature of his defense. The psychiatrist related the claim of defendant (reiterated when defendant testified at trial) that he was totally amnesic with regard to the time period critical in this prosecution. The psychiatrist stated, however, that in his view such total amnesia was not likely, though it was possible, as a result of drug or alcohol intoxication. The defendant testified in his own behalf that he had been a heavy user of drugs for much of his life and that he could remember nothing with regard to the time when the crime was committed. Finally, a licensed pharmacist testified for the defense that one who uses certain drugs, including heroin and cocaine as used by the defendant according to his own testimony, would be able to function in an essentially normal fashion while under the influence of the drugs but might later experience the inability to remember anything that occurred during the period of intoxication.

# I

We need not tarry long over the defendant's assertion that he was deprived of the effective assistance of counsel. As we said in United States v. Bella, 353 F.2d 718, 719 (7th Cir. 1965):

Unless a strong showing is made that conduct of counsel virtually deprived defendant of a trial, matters of trial conduct and tactics adopted pursuant to defense counsel's professional opinion on the merits of the case should not be subjected to a critique by a court of appeals.

We have also held that the sixth amendment's guarantee of the effective assistance of counsel is satisfied "when the essential integrity of the proceedings as a trial is preserved . . . and the trial has not made a travesty of justice." United States v. Dilella, 354 F.2d 584, 587 (7th Cir. 1965). Defendant was not denied his right to effective assistance of counsel.

# II

Defendant further urges that, notwithstanding a psychiatric report which did not find him incompetent to stand trial, there was sufficient evidence tending to call into question his competency adduced at trial and sufficient uncertainty apparent from the trial judge's comments in that regard to establish the existence of a bona fide doubt as to whether the defendant was competent to stand trial so as to require the trial judge to order, sua sponte, a competency hearing pursuant to 18 U.S.C. § 4244. Section 4244 provides in pertinent part that, when a reasonable doubt exists as to the competency of a defendant to stand trial and that doubt is called to the attention of the court, "the court shall cause the accused . . . to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court." It further provides that if the report of the psychiatrist indicates incompetency the court shall hold a hearing in that regard. Al-

though there is no express requirement that the court order further examination or a hearing subsequent to receipt of a psychiatric report indicating competency to stand trial, it is clear that such would be required should a bona fide doubt subsequently arise during the trial. Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1965). The question put to us by this argument of defendant, therefore, is whether the record reveals a basis for a bona fide doubt which arose subsequent to the psychiatric report as to whether the defendant was competent to stand trial.

We believe that the only theory by which the defendant could be found on this record to have been incompetent to stand trial would be that incompetence requires no more than the present inability to recall the events of one's life during the period of the commission of a crime with which one is charged. Moreover, we do not believe that due process requires that every defendant who claims loss of memory go free without trial. As has been cogently observed:

> In his plight the amnesiac differs very little from an accused who was home alone, asleep in bed, at the time of the crime or from a defendant whose only witnesses die or disappear before trial. Furthermore, courts, of necessity, must decide guilt or innocence on the basis of available facts even where those facts are known to be incomplete, and the amnesiac's loss of memory differs only in degree from that experienced by every defendant, witness, attorney, judge, and venireman. How much worse off is a generally amnesiac defendant on trial for murder, for example, than one who remembers all but the dispositive fact: who struck the first blow?
>
> \*　　\*　　\*　　\*　　\*
>
> If a defendant is permanently amnesiac, furthermore, there will be no time in the future when the court can secure the benefit of his version of the facts. The choice facing the court would therefore be that of proceeding to adjudicate the defendant's guilt or

innocence on the basis of incomplete data or abandoning the adjudicatory process altogether. Note, Amnesia: A Case Study in the Limits of Particular Justice, 71 Yale L.J. 109, 128–29 (1961).

The Second Circuit has concluded that lack of memory is an inadequate ground for holding a defendant incompetent to stand trial. United States v. Knohl, 379 F.2d 427, 436 (2d Cir.), cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967); United States v. Currier, 405 F.2d 1039, 1042 (2d Cir.), cert. denied, 395 U.S. 914, 89 S.Ct. 1761, 23 L.Ed.2d 228 (1969); United States v. Sullivan, 406 F.2d 180, 185–186 (2d Cir. 1969). Indeed, the facts of the competency claim of the defendant in *Sullivan* and the psychiatrists' reports regarding his competence and those in the case at bar are quite similar. In *Sullivan,* the defendant had been an alcoholic for five years including the period during which the crime with which he was charged (forging and uttering a United States' check) had been committed. He claimed that the amnesia characteristic of alcoholics which made it impossible for him to remember the facts of his experiences, whereabouts and activities on the day of the crime rendered him incompetent to stand trial. The court there concluded:

> If in fact [the defendant] had developed an amnesia preventing his recollection of the events of the day in question, this would not in itself be a complete defense to the charges. . . . Such a loss of memory may call for additional trial safeguards in particular circumstances, as where delay in trial has caused the loss of other evidence, but we are unwilling to hold that it is in all cases an automatic bar to prosecution for a crime amply established by competent evidence on trial. 406 F.2d at 185–186.

We agree with the Second Circuit that amnesia is not a bar to prosecution of an otherwise competent defendant. Since the only theory on which defendant herein could have been held to have

been incompetent to stand trial on the record would not justify a finding of incompetency, we hold that the trial court did not err in failing to order further examinations or a hearing as to defendant's competency to stand trial.

### III

Finally, defendant contends that the trial court erred in failing to instruct the jury as to the defense of insanity. We note that no objection was made to the failure to give such an instruction so that we may reverse on this ground only if the omission was plain error. Fed.R.Crim.P. 52(b). An examination of the record reveals that, assuming all of defendant's evidence to be true, the only arguable basis for an insanity instruction contained therein is the evidence of defendant's narcotics addiction and the sporadic amnesia he claimed it produced. We do not believe that the existence of either or both of those conditions could properly be said to require an insanity instruction.

The judgment of the district court is affirmed.