UNITED STATES of America ex rel. Nathaniel WATSON H–4614, Appellant,

v.

Richard W. LINDSEY, Chairman, Pennsylvania Department of Probation and Parole.

No. 71–1646.

United States Court of Appeals, Third Circuit.

Submitted April 18, 1972 Under Third Circuit Rule 12(6).

Decided June 12, 1972.

Stewart R. Dalzell, Drinker, Biddle & Reath, Philadelphia, Pa., for appellant.

James D. Crawford, Deputy Dist. Atty., Philadelphia, Pa., for appellee.

Before ADAMS, MAX ROSENN, and HUNTER, Circuit Judges.

## OPINION OF THE COURT

HUNTER, Circuit Judge.

Relator Nathaniel Watson petitioned for a writ of habeas corpus, attacking his convictions in the Pennsylvania Courts under three different indictments. The District Court granted the writ as to one of the indictments, but denied it as to the two others. United States ex rel. Watson v. Mazurkiewicz, 326 F.Supp. 622 (E.D.Pa.1971). Relator appeals from the District Court's order insofar as it denies the writ.

During 1964, as a result of three separate arrests, relator was indicted for seven separate crimes. On February 24, 1965, and May 24, 1965, relator pleaded guilty to all the indictments, following the advice of his counsel. Relator's cumulative sentences were two to ten years' imprisonment.[1]

Relator was released from prison on parole on November 13, 1966, but was returned to prison on April 5, 1968, for parole violation. Shortly thereafter he sought post-conviction relief in the Pennsylvania courts, but was unsuccessful. Commonwealth v. Watson, 216 Pa. Super. 730, 257 A.2d 890 (1969). Federal habeas corpus proceedings followed. During the pendency of these federal proceedings, relator has again been released on parole.

Since relator pleaded guilty to the charges for which he was imprisoned,

"he is bound by his plea and his conviction unless he can allege and prove

---

1. A summary of the indictments and sentences follows:

| Bill No. | Crime Charged | Sentence |
|---|---|---|
| 1328 | Possession of narcotics | 1–5 years |
| 1329 | Use of narcotics | Suspended |
| 1330 | Assault and battery; resisting arrest | Suspended |
| 1135 | Use of narcotics | Suspended |
| 1136 | Possession of narcotics | 1–5 years (concurrent) |
| 1968 | Possession of firearm after conviction of crime of violence | Suspended |
| 1969 | Possession of narcotics | 1–5 years (consecutive) |

Relator attacks the validity of his guilty pleas on the three indictments on which sentences of imprisonment were imposed. The District Court granted the writ as to No. 1136, but denied it as to Nos. 1328 and 1969.

serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act."

McMann v. Richardson, 397 U.S. 759, 774, 90 S.Ct. 1441, 1450, 25 L.Ed.2d 763 (1970); accord, United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3d Cir. 1970); United States ex rel. Sadler v. Commonwealth of Pennsylvania, 434 F. 2d 997 (3d Cir. 1970). He must show that in advising the guilty pleas counsel exhibited lack of "normal competency." See Moore v. United States, 432 F.2d 730, 737 (3d Cir. 1970); United States ex rel. Green v. Rundle, 434 F.2d 1112, 1113 (3d Cir. 1970). We agree with the District Court that relator has not met that burden.

1. *No. 1128.* Relator's indictment under No. 1128 resulted from a police search of his apartment on January 10, 1964, during which heroin was found in several places. The search was carried out under a search warrant which had been issued upon the following affidavit of probable cause:

"Information from a reliable informant who has been used in the past in making many arrests in the Illicit Narcotic Traffic."

Relator contends that his counsel was seriously derelict in advising the guilty plea without first attempting to suppress the evidence found by the police during the search.

■ The affidavit supporting the search warrant would today clearly be defective under Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). We agree with the District Court, however, that the pre-*Aguilar* cases [2] were not so clear that we can say that relator's counsel showed lack of normal competentcy in 1964–1965 in not moving to suppress the evidence. *See* Brady v. United States, 397 U.S. 742, 756–758, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, *supra,* 397 U.S. at 768–774, 90 S.Ct. 1441.

■ 2. *No. 1968.* The indictment under No. 1968 arose out of the following circumstances: In November 1964 two Philadelphia policemen were informed by police radio to watch for

"[o]ne colored man, approximately 25 years of age, with a blue topcoat and a gray hat carrying a gun."

The two policemen went to the area in question where they saw relator entering a taxicab. Relator matched the radio description. The policemen approached relator and, upon opening the door of the taxicab, one of them noticed that relator was attempting to conceal a pistol under the seat of the vehicle. Relator was thereupon arrested. Later, at the police station, a search revealed thirteen bags of heroin in relator's overcoat. Although relator contends that the heroin was planted on him, the arresting officers' testimony at relator's preliminary hearing was to the contrary. Relator's counsel testified in the District Court that he personally did not believe the police, but that he felt that the officers' testimony would have been believed by a hearing judge. We can understand how, on these facts, relator's counsel might have competently decided that a motion to suppress the evidence would have been futile.

Relator's argument, in essence, is that counsel lacks normal competency unless in all but frivolous cases he files motions to suppress evidence in order to enhance the bargaining position of his client. We are unwilling to accept that argument.

Relator's counsel had two extensive interviews with relator prior to relator's preliminary hearing. Counsel again met with relator immediately before the preliminary hearing, at which counsel cross-examined the state's witnesses extensively. Counsel and relator met again prior to the arraignment. At that time counsel recommended guilty pleas. The record shows that the recommendation was based on counsel's weighing of

---

2. *E. g.,* Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Draper v. United States, 358 U.S. 307,

79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933).

the strength of the evidence against his client, the reasonable likelihood of a reduced sentence in the event of a guilty plea, and relator's chances for hospitalization rather than imprisonment. The facts show clearly that the guilty plea was recommended by diligent and sympathetic counsel. Under the circumstances we will not disturb counsel's decision that pre-trial motions would not have benefited his client.

The District Court's order denying the writ will be affirmed.