## Commonwealth *v.* Krall, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Keith L. Kilgore,* and *Spitler, Rowe and Kilgore,* for appellant.

*David J. Brightbill,* Assistant District Attorney, and *George E. Christianson,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 29, 1976:
Order affirmed.

CONCURRING OPINION BY HOFFMAN, J.:

I concur in the result reached by the Majority because I believe that the Majority's reasoning is technically unassailable. At the same time, however, I believe that the result is unjust and, therefore, raises a question whether our Supreme Court's decision in *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), that abrogated the doctrine of basic and fundamental error in Pennsylvania, must be applied when to do so produces an unjust result.

In the normal course of the judicial process, an appellate court often announces a new rule that is applied only to the litigants before the court and to future litigants. See, e.g., *Johnson v. New Jersey*, 384 U.S. 719 (1966); *Tehan v. United States ex rel. Shott*, 382 U.S. 406 (1966); *Linkletter v. Walker*, 381 U.S. 618 (1965). Other criminal litigants, although their convictions were based, for example, upon evidence seized by newly condemned practices, may not receive the benefits of expanded civil rights. Various rationales have been advanced for such a result, see *Johnson v. New Jersey*, supra, but no court has found that the failure to give application to a particular rule is necessarily a violation of due process.

Appellant does not argue that *Commonwealth v. Swanger*, 453 Pa. 107, 307 A.2d 875 (1973), must be given retroactive application. Rather, he challenges his conviction in a Post Conviction Hearing Act[1] petition under the rubric of ineffective assistance of counsel. On this point, I agree with the Majority that appellant's counsel was not ineffective for failing to file a motion to suppress the evidence. Had cases prior to *Commonwealth v. Swanger*,

---

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §1180-1 et seq.

supra, suggested that either the Supreme Court or this Court viewed the challenged police practice with concern, failure to pursue such a motion might have been ineffective. Cf. *Johnson v. New Jersey*, supra, at 731: "Prior to *Escobedo* and *Miranda*, ... [l]aw enforcement agencies fairly relied on these prior cases, now no longer binding, in obtaining incriminating statements during the intervening years preceding *Escobedo* and *Miranda*." But counsel is not required to pursue every conceivable course of action in order to afford his client with adequate representation under the Sixth Amendment of our federal Constitution. *United States ex rel. Watson v. Lindsey*, 461 F.2d 922 (3d Cir. 1972). When, as in the instant case, the police were acting under an express statutory provision[2] and our courts had in no way disapproved such a practice, counsel's choice not to pursue a motion to suppress cannot be deemed ineffective.

Nevertheless, appellant remains incarcerated while his co-defendant has had his conviction overturned. Under some circumstances, a court may justifiably refuse to apply a holding to a *similar* factual situation without violating constitutional principles. Here, however, appellant was the driver of the car and Swanger was his passenger. The only issue in Swanger's appeal was the legality of the stop of their automobile. Where the two convictions arise out of the same incident, the sheer incongruity of allowing one participant to go free while punishing his partner in crime violates a basic sense of justice.

The problem is that there is no clear legal theory for reversing appellant's conviction. As already discussed, appellant's counsel was not ineffective. Further, *Commonwealth v. Clair*, supra, precludes us from reversing

---

2. The Vehicle Code, Act of April 29, 1959, P.L. 58, §1221, as amended 75 P.S. §1221(b).

on the grounds that such a result is basic and fundamental error.

I grant that the doctrine of basic and fundamental error suffered from imprecise parameters as suggested in *Commonwealth v. Clair*, supra at 421, 326 A. 2d at 273: "... the doctrine has created the anomalous situation whereby all reversible error is not basic and fundamental error yet there is no readily perceptible substantive difference between the two. Thus, the test is merely a vehicle whereby the Court can arbitrarily reverse on an otherwise unpreserved issue." As is apparent, however, the remedy proposed in *Clair* — the test for ineffective assistance of counsel — is too narrow to afford this appellant meaningful protection of his rights. That is, as suggested by Justice POMEROY in his concurring and dissenting opinion in *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 261, 322 A.2d 114 (1974), "[t]he doctrine ... can embrace any trial error which deprives a litigant of his fundamental right to a fair and impartial trial. This right is an integral part of due process of law, guaranteed to all litigants by the Fifth and Fourteenth Amendments. Obviously it is only an unusual trial error that will amount to a denial of due process, and in my view, the doctrine should be available to remedy only those trial errors so contrary to fundamental fairness as to reach the dimensions of a constitutional violation."

Undoubtedly, a doctrine based solely on individual judicial sensibilities has severe limitations. See, e.g., *Rochin v. California*, 342 U.S. 165, 174 (1952) (BLACK, J., concurring opinion). Nonetheless, there are times when our Courts serve their function best by producing a just result, rather than by rigidly following technical niceties.

Therefore, although the Majority is correct in its application of the law of Pennsylvania, I urge our Supreme Court to take cognizance of the manifest unfairness in the instant case.

SPAETH, J., joins in this concurring opinion.