COMMONWEALTH vs. ANTHONY LOMBARDI.

Suffolk.   May 7, 1979. — August 2, 1979.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Criminal,* Defendant's competency, Fair trial. *Due Process of
Law,* Fair trial. *Amnesia.*

The fact that the defendant in a criminal case had no memory, due to
amnesia, of events occurring at the time of the commission of the
crimes charged did not by itself justify dismissal of the indictments.
[613-615]

Discussion of factors to be assessed in determining whether a defend-
ant who, due to amnesia, has no memory of events occurring at the
time of the commission of the crimes charged can receive a fair
trial. [615-617]

INDICTMENTS found and returned in the Superior Court
on September 24, 1976.

A motion for a finding of incompetency and a motion
to dismiss were heard by *Good,* J.

*Daniel C. Mullane,* Assistant District Attorney (*Mi-
chael J. Traft,* Assistant District Attorney, with him) for
the Commonwealth.

*John M. Russell, Jr.,* for the defendant.

WILKINS, J. We are required to consider the appropri-
ate disposition of criminal cases where, due to amnesia,
a defendant has no memory of events occurring at the
time of the commission of the crimes charged.

The trial judge held a pretrial hearing on the defend-
ant's motions for a finding of incompetency and for dis-
missal of the indictments. He found that the defendant
was suffering from permanent amnesia resulting from a
serious beating he received shortly after the commission
of the crimes with which he was charged. Because of this
amnesia, the judge concluded that the defendant was in-

competent to stand trial, that he could not receive a fair trial as guaranteed by the State and Federal Constitutions, and that the defendant's motion to dismiss the indictments should be allowed. The Commonwealth has appealed from the dismissal of the indictments. See G. L. c. 278, § 28E. We agree with the Commonwealth that the defendant's amnesia alone cannot justify the dismissal of the indictments, and we remand the cases for further consideration in light of this opinion.

The defendant was indicted for murder in the first degree, assault and battery with intent to kill, and carrying a firearm without a permit. The Commonwealth contends that, on February 15, 1976, the defendant became involved in a fight in a bar in East Boston during which he fired two shots, killing one man and wounding another. Three or four men followed the defendant from the bar and caught him a short distance away. They knocked the defendant to the ground. He was kicked and struck on the head and his head was banged against the sidewalk repeatedly. The defendant was hospitalized and in a coma for three weeks following the incident.

The judge found, on conflicting evidence, that the defendant suffered from permanent amnesia as a result of the serious beating he received. The defendant could not recall any events "from a couple of hours to a couple of days" before the beating up to approximately three weeks thereafter. The judge found that the amnesic condition was likely to continue indefinitely. He noted that the defendant would be unable to assist in his own defense because he could not recall the events alleged to have occurred; could not assist in the presentation of any defense which might be available to him; and could not be an effective witness on his own behalf or assist his counsel in dealing with weaknesses in the Commonwealth's case which might have been known to him but for his amnesia.

The virtually unanimous weight of authority in this country is that a defendant is not incompetent to stand

trial simply because he is suffering from amnesia.[1] Some
courts have expressed their conclusions in such terms
that it may be their view that amnesia can never be an
adequate ground for determining that a defendant is in-
competent to stand trial.[2] Other courts, with whom we

[1] We noted many of these authorities in *Commonwealth* v. *Hubbard*,
371 Mass. 160, 169-170 (1976). In the *Hubbard* case, the defendant
argued that, when he pleaded guilty, he was suffering from amnesia
and had no recollection of the crime charged against him; that, there-
fore, he had been incompetent to stand trial or to plead guilty; and
that his guilty plea and sentence should be vacated. The case was
decided on the ground that the defendant had not established the
factual predicate of his argument. We went on to say, noting authori-
ties elsewhere, that if a finding of amnesia had been made, it would
not "necessarily require a conclusion that the defendant would be
incompetent to stand trial or to plead guilty." *Id.* at 169. We noted
further that a defendant who was unwilling or unable to admit his
participation in acts constituting a crime might nevertheless properly
plead guilty. *Id.* at 171. See *Huot* v. *Commonwealth*, 363 Mass. 91, 99
(1973); *North Carolina* v. *Alford*, 400 U.S. 25, 37 (1970).

[2] A relatively early case dealing with the consequences of amnesia
is *Commonwealth ex rel. Cummins* v. *Price*, 421 Pa. 396, cert. denied,
385 U.S. 869 (1966). The opinion, in which only three Justices joined
(with two concurring in the result and two dissenting), stresses the fact
that to permit amnesia to bar any trial would free defendants on the
basis of opinions of psychiatrists whose conclusions are often founded
on defendants' self-serving statements, all to the jeopardy of law-
abiding citizens. *Id.* at 406. The court concluded that the defendant "is
as able to cooperate with his counsel in making a rational defense as
is any defendant who alleges that at the time of the crime he was
insane or very intoxicated or completely drugged, or a defendant
whose mind allegedly went blank or who blacked out or who panicked
and contends or testifies that he does not remember anything." *Id.*

A similar view was expressed in *Reagon* v. *State*, 253 Ind. 143, 147
(1969), cert. denied, 397 U.S. 1042 (1970), where the court said (two
Justices dissenting) that "[m]any times in a trial of a criminal case
evidence is lost, a material witness dies, or, as in this case, the defend-
ant has amnesia as to certain events or a time. Still, such handicaps
from a defendant's point of view cannot prevent a trial from taking
place eventually."

The Alaska Supreme Court has expressed the strong view that
"[t]he potential for fraudulent allegations of memory loss is so great
that we would for this reason alone be reluctant to follow [*sic*] amnesia
as a ground for a finding of incompetency even if we were otherwise
inclined to do so." *Fajeriak* v. *State*, 520 P.2d 795, 802 (Alaska 1974).

The Seventh Circuit Court of Appeals has said "that amnesia is not

align ourselves, have indicated that a defendant's amnesia is a factor to be considered in dealing with the fundamental question whether the defendant can receive a fair trial.[3]

The appropriate test when amnesia is found is whether a defendant can receive, or has received, a fair trial. Of course, a defendant must be competent to stand trial. We have adopted the standard of competency applicable in the Federal courts. See *Commonwealth* v. *Hubbard,* 371 Mass. 160, 170 (1976); *Commonwealth* v. *Vailes,* 360 Mass. 522, 524 (1971). The test, as stated in *Dusky* v. *United States,* 362 U.S. 402 (1960), is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual under-standing of the proceedings against him." The defend-ant's condition appears to meet this test. His problem is not a present lack of understanding of the charges against him or of trial proceedings. Although the judge noted from his courtroom observations of the defendant that the defendant varied considerably from time to time in his capacity to communicate, there is no finding that the defendant has an insufficient present ability to con-

---

a bar to prosecution of an otherwise competent defendant." *United States* v. *Stevens,* 461 F.2d 317, 320 (7th Cir.), cert. denied, 409 U.S. 948 (1972).

[3] *State* v. *McClendon,* 103 Ariz. 105, 107-109 (1968). *State* v. *Blake,* 209 Kan. 196, 200 (1972). *People* v. *Francabandera,* 33 N.Y.2d 429, 436-438 (1974). *State* v. *Willard,* 292 N.C. 567, 577 (1977). *United States* v. *Swanson,* 572 F.2d 523, 526-527 (5th Cir.), cert. denied, 439 U.S. 849 (1978). *United States ex rel. Parson* v. *Anderson,* 481 F.2d 94, 95-96 (3d Cir.), cert. denied, 414 U.S. 1072 (1973). *United States* v. *Borum,* 464 F.2d 896, 899-900 (10th Cir. 1972). *United States* v. *Sullivan,* 406 F.2d 180, 185-186 (2d Cir. 1969). *Wilson* v. *United States,* 391 F.2d 460, 463-464 (D.C. Cir. 1968). See Note, Amnesia: A Case Study in the Limits of Particular Justice, 71 Yale L.J. 109, 123 (1961) ("[T]he uni-versal incidence of amnesia makes it impossible to consider amnesiacs as a unique class and requires instead that judicial remedies be based upon an evaluation of the relative disadvantages under which a par-ticular defendant is operating").

sult with his lawyer understandingly. The problem here is that the defendant is unable to recall events during a crucial period.

The real question, thus, is whether a trial of the defendant would be unfair in a due process sense because of his amnesia. Such a question of fundamental fairness can only be determined on a case by case basis. Where the amnesia appears to be temporary, an appropriate solution might be to defer trial for a reasonable period to see if the defendant's memory improves. That alternative appears to be foreclosed here because the defendant's amnesia has been found to be permanent.[4] Where the amnesia is apparently permanent, the fairness of proceeding to trial must be assessed on the basis of the particular circumstances of the case. A variety of factors may be significant in determining whether the trial should proceed, including the nature of the crime, the extent to which the prosecution makes a full disclosure of its case and circumstances known to it, the degree to which the evidence establishes the defendant's guilt, the likelihood that an alibi or some other defense could be established but for the amnesia, and the extent and effect of the defendant's amnesia. It must be recalled that many defendants, especially innocent ones, must proceed with less than perfect knowledge as to the circumstances of the alleged crime, and yet trials are not unfair for that reason alone. See *State* v. *McClendon*, 103 Ariz. 105, 107 (1968); *United States* v. *Stevens*, 461 F.2d 317, 320 (7th Cir.), cert. denied, 409 U.S. 948 (1972); Note, Amnesia: A Case Study in the Limits of Particular Justice, 71 Yale L.J. 109, 127-128 (1961).

It may not be possible to determine prior to trial whether the defendant's amnesia will deny him a fair trial. If

---

[4] We find no basis for rejecting the judge's finding that the defendant was suffering from permanent amnesia at the time of the pretrial hearing. Questions of the credibility of witnesses and the weight to be given particular evidence are for the trial judge.

it is impossible, it would be proper if the trial judge were to make a determination of fairness after trial with appropriate findings of fact and rulings concerning the relevant criteria. See *People* v. *Francabandera,* 33 N.Y.2d 429, 438-439 (1974); *Wilson* v. *United States,* 391 F.2d 460, 463-464 (D.C. Cir. 1968).

The orders dismissing the indictments and allowing the defendant's motion for a finding of incompetency are vacated, and the cases are remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*