411 A.2d 534

**COMMONWEALTH of Pennsylvania**

v.

**Matthew EPPS, Appellant.**

Superior Court of Pennsylvania.

Argued June 5, 1979.

Filed Oct. 5, 1979.

Petition for Allowance of Appeal Denied Jan. 21, 1980.

John J. Poserino, Jr., Philadelphia, for appellant.

Andrew B. Cohn, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, HOFFMAN and DOWLING,* JJ.

DOWLING, Judge:

Appellant, Matthew Epps found guilty of robbery, aggravated assault, resisting arrest and possession of an instrument of crime was denied post trial relief and sentenced to prison. His appeal is without merit.

The factual scenario as seen through the eyes of the convicting jury reveals appellant held up a street corner steak shop whose victim immediately notified police. Epps was stopped some ten blocks from the scene by Officer Eastburn who had received an alert giving defendant's description. When the Officer asked for identification, Epps reached into his raincoat pocket and shot through his coat striking Eastburn in the chest.

Shortly thereafter he was discovered hiding under a near-by hedge. A patrolman was knocked down as appellant attempted to flee. He was finally subdued after a brief struggle and was taken to the hospital where he was identified by Officer Eastburn as his assailant. Thereafter appellant was admitted to the hospital.

Appellant raises a number of grounds for relief. Initially, it is argued that he was incompetent to stand trial because he was suffering from amnesia [1] as a result of his injuries and thus was unable to effectively consult with his attorney in the preparation of a defense. Under the Mental Health Procedure Act of July 9, 1976, P.L. 817, 50 P.S. § 7403, appellant, as the moving party, has the burden of proving his incompetency. The test or standard by which incompetency is measured is set forth in Section 402(a) of the Act, which states that a defendant is incompetent to stand trial if

* Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, is sitting by designation.

1. The evidence adduced at pre-trial hearings and at trial was far from conclusive on this claim. Judge Richette was not convinced that defendant suffered from amnesia, and the physicians who examined defendant, who had worked at a psychiatric counseling center and had been exposed to psychiatric texts, were unable to rule out that defendant was malingering.

he is "substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense."

Appellant has consistently denied any knowledge or memory of the events surrounding the robbery. Significantly, there is no contention or evidence to support a contention that appellant was suffering from a mental disease or that his amnesia had otherwise impaired his thought or behaviorial processes. Under these circumstances, the trial court found that appellant's amnesia neither diminished his capacity to understand the proceeding against him nor prevented him from synthesizing an accurate account of what transpired from available sources so as to assist in his own defense.

Absent evidence of a mental disability interfering with the defendant's faculties for rational understanding, it is settled that mere vacuity of memory is not tantamount to legal incompetency to stand trial. It is only where the loss of memory effects or is accompanied by a mental disorder impairing the amnesiac's ability to intelligently comprehend his position or to responsibly cooperate with counsel that the accused's guaranties to a fair trial and effective assistance of counsel are threatened and therefore incapacity to stand trial may be demonstrated. See *Commonwealth v. Barky*, 476 Pa. 602, 383 A.2d 526 (1978).

The testimony presented at appellant's competency hearing specifically determined that appellant possessed sufficient presence of mind both to understand the nature of the charges against him and to construct a knowledge of the events in question from extensive information and thereby assist in his own defense. Consequently, appellant's posture as an amnesiac neither absolves nor exculpates him from criminal liability.

Appellant also contends that he was denied due process of law because his memory loss was precipitated by the physical force exerted by the police in subduing appellant at

the time of his arrest. We agree with the lower court's finding that the force utilized in facilitating appellant's capture was not excessive under the circumstances and therefore did not rise to the level constituting a denial of due process. *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed.2d 183 (1952); *Commonwealth v. Krall*, 239 Pa.Super. 482, 360 A.2d 691.

Defendant contends that the trial court erred in permitting the Commonwealth to impeach defendant's credibility with evidence of a prior aggravated robbery conviction.

During trial, a hearing was conducted in the lower court's chambers to determine the admissibility in evidence of eleven prior aggravated robbery convictions of defendant and, after a full hearing, the trial court prohibited the Commonwealth from offering evidence of ten of these convictions but did permit use of only one, a 1973 aggravated robbery conviction, to impeach defendant's credibility.[2] This ruling was entirely proper and followed the guidelines for admissibility set out in *Commonwealth v. Bighum*, 452 Pa. 554, 567, 307 A.2d 255, 263:

> the age and nature of the prior crimes; the length of the criminal record; the age and circumstances of the defendant; the extent to which it is more important to the search for truth in a particular case for the jury to hear defendant's story than to know of a prior conviction.

The record shows that the trial court carefully balanced the age, nature and number of prior convictions[3] against any potential prejudice to defendant. See *Commonwealth v. Perrin*, 484 Pa. 188, 197, 398 A.2d 1007, 1011 (1979).

Defendant contends, however, that the Commonwealth should not have been allowed to impeach his trial testimony

---

**2.** The trial court instructed the jury of the limited relevance of defendant's prior conviction.

**3.** Ten of the robbery convictions occurred in 1960, the conviction which was ruled admissible occurred in 1973.

which was limited to an allegation that he did not remember the facts of his crimes. This claim ignores the actual purposes of defendant's testimony, to appeal to the jury's sympathy by implying that police abused him during this arrest. Relevant evidence of defendant's prior conviction need not have been withheld from the jury in order to insure defendant's right to present this "defense" which was fully presented to the jury without the necessity for defendant to testify, as defendant presented medical testimony with respect to his physical and mental condition following his arrest. Furthermore, the Commonwealth had no means to attack defendant's claim of "amnesia" except to attack his credibility generally.

In view of the clear crimen falsi nature of defendant's two year old aggravated robbery conviction, the Commonwealth's need to impeach defendant, and that ten other convictions were withheld from the jury, it cannot be said that the trial court abused its discretion in denying defendant's *Bighum* motion.

It is next argued that the lower court erred in not suppressing the identification testimony of two Commonwealth witnesses, the girl who was held up and the officer who was shot. Both identified the defendant at the scene of the crimes, at preliminary hearings and at trial. We are satisfied that the totality of the circumstances surrounding the witnesses identification of the appellant, evaluated under the criteria set forth in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) disclosed no substantial likelihood of misidentification.

A discussion of appellant's other assignments of error would profit only the printer of this already too long opinion. They are trivial, trite and without merit.

Judgment of sentence affirmed.

HOFFMAN, J., concurs in the result.