[No. 8562–0–I.   Division One.   April 6, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH IVER SWANSON, *Appellant*.

*Warner & Resick* and *Thomas J. Resick,* for appellant (appointed counsel for appeal).

*David S. McEachran, Prosecuting Attorney,* and *Charles Tull, Deputy,* for respondent.

DURHAM, J.—Kenneth Iver Swanson appeals his conviction of negligent homicide by motor vehicle on the ground that the trial court erred in finding him competent to stand trial. At the time of trial, Swanson suffered permanent retrograde amnesia concerning the facts and circumstances surrounding the offense. In no way was he otherwise medically incapacitated, nor did he suffer from any other mental disease or defect. The trial court found that he fully understood the charge and proceedings against him and that he was able to rationally assist his attorney in preparation of his defense, and was, therefore, competent to stand trial.

The standard for competency to stand trial is if the accused is "capable of properly understanding the nature of the proceedings against him and if he is capable of rationally assisting his legal counsel in the defense of his cause." *State v. Gwaltney,* 77 Wn.2d 906, 907, 468 P.2d 433 (1970); RCW 10.77.010(6). *See Dusky v. United States,* 362 U.S. 402, 4 L. Ed. 2d 824, 80 S. Ct. 788 (1960). Swanson admits that he properly understood the nature of the proceedings. The only issue is if his amnesia affected his ability to assist his counsel.

Although Washington has not addressed this issue, other courts which have decided the question have reached remarkable unanimity. Invariably, the defendant who cannot remember the facts and circumstances surrounding the alleged crime, but who is in all other respects free from mental disease or defect, is competent to stand trial. *United States v. Borum,* 464 F.2d 896 (10th Cir. 1972); *United States ex rel. Parson v. Anderson,* 354 F. Supp. 1060 (D. Del. 1972), *aff'd,* 481 F.2d 94 (3d Cir.), *cert. denied,* 414 U.S. 1072, 38 L. Ed. 2d 479, 94 S. Ct. 586 (1973); *State v. McClendon,* 103 Ariz. 105, 437 P.2d 421, 46

A.L.R.3d 537 (1968); *People v. Cohn,* 91 Ill. App. 3d 209, 414 N.E.2d 543 (1980); *Commonwealth ex rel. Cummins v. Price,* 421 Pa. 396, 218 A.2d 758, *cert. denied,* 385 U.S. 869, 17 L. Ed. 2d 96, 87 S. Ct. 136 (1966); *Commonwealth v. Epps,* 270 Pa. Super. Ct. 295, 411 A.2d 534 (1979); *Regina v. Podola,* [1960] 1 Q.B. 325; Annot., 46 A.L.R.3d 544 (1972).

Amnesia alone, in the absence of mental disease or defect, does not render a defendant unable to comprehend his position or to assist counsel. *State v. McClendon, supra.* This is especially true where, as here, the defendant could construct knowledge of the facts of the crime from other evidence. *Commonwealth v. Epps, supra.* Furthermore, a contrary rule would lead to the release of alleged criminals without acquittal by a jury or judge. This would compromise the safety of citizens and hamper the State's interest in bringing suspected offenders to justice. *Commonwealth ex rel. Cummins v. Price, supra.*

Amnesia may be relevant as a symptom indicating a present defect or abnormality in a defendant's reasoning ability. We do not face that question here. Swanson stipulated that he suffered from no mental disease or defect; throughout the proceedings he acted rationally. He consulted with his counsel and had the opportunity to develop his case from the same evidence available to the State. If a defendant can understand the nature of the proceedings against him and can rationally assist his counsel in the preparation of his defense, lack of memory is irrelevant to the issue of competence to stand trial. The trial court properly found Swanson competent to stand trial.

The conviction is affirmed.

JAMES, C.J., and CORBETT, J., concur.