Ralph SIAH, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-89-438.

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1992.

Dan Connally, Asst. Appellate Indigent Defender, Norman, for appellant.

Susan Brimer Loving, Atty. Gen., Robert Whittaker, Asst. Atty. Gen., Oklahoma City, for appellee.

Keith Whiteley, Muskogee, for defendant.

John David Luton, Asst. Dist. Atty., Muskogee, for the State.

### OPINION

LANE, Presiding Judge:

Ralph Siah, Jr., Appellant, was tried by jury for the crime First Degree Manslaughter (21 O.S.1981, § 711(2)) in Muskogee County District Court, Case No. CRF–87–366. The jury found appellant guilty and set punishment at four (4) years imprisonment. The trial court sentenced accordingly. In this perfected appeal Appellant raises an issue of first impression to the Court: whether the trial court denied him due process by ruling him competent to stand trial when he claimed to have no memory of the incidents surrounding the alleged crime due to a lifetime of alcohol abuse. We find no error and affirm the judgment and sentence.

This case arises out of the stabbing death of Terrell Oliver which occurred August 8, 1987, at Fellowship Park in Haskell, Oklahoma. Oliver died as a result of a single stab wound to the chest. Several witnesses who knew and recognized the appellant saw him stab the victim once and walk away.

Defense Counsel filed an application for the determination of competency and the trial court ordered defendant to be examined by the Green Country Mental Health Service or Muskogee Health Clinic. Appellant was committed to the Green Country Mental Health Service, where he was examined by Paul Mayhue, Director of Emergency Services. A post-examination competency hearing was held without demand for jury.

At that hearing, Mr. Mayhue testified to Appellant's lifelong history of alcohol abuse, his alcohol induced blackouts and his competence to stand trial. He believed the appellant could appreciate the nature of the charges against him, and that except for his memory loss regarding the alleged stabbing he was "quite oriented and quite able to function at this point" and was able to consult with his attorney and to rationally assist in the preparation of his defense. The trial court found appellant competent to stand trial.

Appellant asserts as his sole proposition of error that due to a history of alcoholism he "blacked out" and remembers nothing about the alleged crime. Counsel asserts this memory loss precludes Appellant from "effectively and rationally" assisting in his defense as required for a finding of competency to stand trial. See, 22 O.S.1981, § 1175.1(1).

■ The parties agree competency to stand trial consists of two elements, statutorily defined: (1) the present ability of a person ... charged with a crime to understand the nature of the charges and proceedings brought against him; and (2) the ability to effectively and rationally assist in his defense. 22 O.S.1981, § 1175.1, see also Campbell v. State, 636 P.2d 352 (Okl.

Cr.1981), *cert. denied* 460 U.S. 1011, 103 S.Ct. 1250, 75 L.Ed.2d 479 (1982).

The issue before us concerns the second prong, the present ability to effectively and rationally assist in one's defense. Appellant cites no case which has held that amnesia, whether due to substance abuse, trauma or a disease, creates, *per se,* lack of competence to stand trial. On the contrary each court which has squarely confronted the issue has found loss of memory regarding events surrounding the alleged crime does not in and of itself create lack of competence to stand trial.[1]

 Determination of competency to stand trial is a matter left to the sound discretion of the court. The accused is presumed to be competent to stand trial, and must prove his lack of competency by clear and convincing evidence. 22 O.S. 1981, § 1175.4 On appellate review the decision of the lower court will be affirmed if it is reasonably supported by any competent evidence. *Miller v. State,* 751 P.2d 733 (Okl.Cr.1988). This Court has never imposed a static analysis for the lower court to apply in all post-examination competency hearings, and we decline to do so now.

 Looking at the record we find the only evidence supporting appellant's claim of lack of competence to stand trial is his lack of memory of incidents surrounding the alleged crime. We have determined this evidence is not, in and of itself, sufficient to support the claim of lack of competency to stand trial. We also find the court elicited from trial counsel the facts that appellant understood his constitutional rights of trial and the post-examination competency hearing, he recognized the State's witnesses and could discuss his past relationship with them. The determination of competency to stand trial is supported by the record.

As is true of any appellate decision, this opinion must be understood to apply only to the facts supporting it. We expressly decline to explore the distinctions, if any, between alcohol induced amnesia and amnesia resulting from accidental trauma, or disease for instance. Also, appellant argues generally that in some circumstances making a person with amnesia stand trial "could be fundamentally unfair", and this may well be true. It is not, however, true in the present case.

LUMPKIN, V.P.J., specially concurs.

BRETT, PARKS and JOHNSON, JJ., concur.

LUMPKIN, Vice Presiding Judge, specially concurring.

I concur with the Court's analysis and decision in this case. If this type of issue is raised at trial, the trial judge would greatly assist the review on appeal by making a record regarding the effect, if any, the loss of memory may have had on the ability of a defendant's attorney to adequately represent the defendant at trial. The United States Court of Appeals for the District of Columbia Circuit addressed this issue in *Wilson v. United States,* 391 F.2d 460 (D.C.Cir.1968), and set forth six (6) findings the trial judge should make at the conclusion of the trial. *Id.* at 463–64. These findings would then assist the appellate court in the review of any allegations of error regarding the fairness of the trial. I would therefore urge any trial judge confronted with this issue to ensure a record is made which will allow this Court to deter-

---

**1.** Cases across the country consistently hold loss of memory as to the alleged incident is not *per se* lack of competence to stand trial. *See, Davis v. State,* 354 So.2d 334 (Ala.Cr.App.1978); *Beauregard v. State,* 372 So.2d 37 (Ala.App.1979) *cert. denied,* 372 So.2d 44 (Ala.1979); *People v. Amador,* 200 Cal.App.3d 1449, 246 Cal.Rptr. 605 (5th Dist.1988); *Mauldin v. State,* 382 So.2d 844 (Fla.App.D1 1980); *Aldridge v. State,* 247 Ga. 142, 274 S.E.2d 525 (1981); *State v. Gilder,* 223 Kan. 220, 574 P.2d 196 (1977); *Commonwealth v. Lombardi,* 378 Mass. 612, 393 N.E.2d 346 (1979); *State v. Davis,* 653 S.W.2d 167 (Mo. 1983); *State v. Willard,* 292 N.C. 567, 234 S.E.2d 587 (1977); *State v. Brooks,* 25 Ohio St.3d 144, 25 Ohio BR 190, 495 N.E.2d 407 (1986) *cert. denied* 479 U.S. 1101, 107 S.Ct. 1330, 94 L.Ed.2d 182 (1986), *reh. denied* 481 U.S. 1025, 107 S.Ct. 1915, 95 L.Ed.2d 520 (1987); *Commonwealth v. Epps,* 270 Pa.Super. 295, 411 A.2d 534 (1979); *State v. Vassar,* 279 N.W.2d 678 (S.D.1979); *see also,* Annotation, *Amnesia as Affecting Capacity to Commit Crime or Stand Trial,* 46 A.L.R.3d 544 (1972).

mine any issues raised on appeal. In this case, I agree with the court that the facts do not raise the need for further review.