5 P.3d 414

**STATE of Hawai'i, Plaintiff–Appellee–Petitioner,**

v.

**Bryan CASTRO, Defendant–Appellant–Respondent.**

Nos. 21482, 21476.

Supreme Court of Hawai'i.

July 27, 2000.

---

4. We note that the ICA's opinion mistakenly states that the judgment was dated September 19, 1997.

Alexa D.M. Fujise (Deputy Prosecuting Attorney), on the application for writ of certiorari for the plaintiff-appellee-petitioner, State of Hawai'i in No. 21482.

Dave S. Fukuoka (Special Deputy Attorney General), for the plaintiff-appellee-petitioner, State of Hawai'i in No. 21476.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, JJ., and Circuit Court Judge PERKINS, in place of ACOBA, J., Recused.

Opinion of the Court by LEVINSON, J.

On June 13, 2000, we granted the application for a writ of certiorari in No. 21482, filed by the State of Hawai'i (the prosecution) on June 9, 2000, to review the published opinion of the Intermediate Court of Appeals (ICA), 93 Hawai'i 454, 5 P.3d 444, filed on May 10, 2000, vacating the first circuit court's judgment of conviction and sentence in Cr. No. 97–0504, filed on March 24, 1998, and reversing the circuit court's order, filed on October 21, 1997, denying the defendant Bryan Castro's motion for a mental examination. On June 14, 2000, we granted the prosecution's application for a writ of certiorari in No. 21476, filed on June 13, 2000, to review the memorandum opinion of the ICA, 93 Hawai'i 454, 5 P.3d 444, filed on May 10, 2000, vacating the first circuit court's judgment of conviction and sentence in Cr. No. 97–0764, filed on March 6, 1998, and reversing the circuit court's order, filed on October 28, 1997, denying Castro's motion for a mental examination. In its published opinion in No. 21482 (hereinafter *Castro I* ), a majority of the ICA reviewed the circuit court's order for an abuse of discretion—despite its belief that our decision in *State v. Janto,* 92 Hawai'i 19, 986 P.2d 306 (1999), was internally inconsistent, *see infra* note 1—and held that the circuit court committed an abuse of discretion by denying Castro's motion for a mental examination, without first staying the proceedings and appointing a panel of examiners, pursuant to Hawai'i Revised Statutes (HRS) § 704–404 (1993 & Supp.1997), because a "valid reason" to doubt Castro's competence had been demonstrated and, therefore, the trial court's obligation to appoint a panel of examiners had been triggered. In its memorandum opinion in No. 21476 (hereinafter *Castro II* ), the same ICA majority ruled consistently—in nearly identical language—with its opinion in *Castro I.*

In each its applications for writs of certiorari, the prosecution contends that the ICA's majority opinion erroneously held that the circuit court abused its discretion in denying Castro's pretrial motions for a mental examination. Because both applications present the identical question for review, we dispose of both in this decision.

■ A trial court's ruling with respect to the competency of a defendant is reviewed on appeal for an abuse of discretion. *Janto,* 92 Hawai'i at 27–29, 986 P.2d at 314–16 (overruling *State v. Soares,* 81 Hawai'i 332, 350, 916 P.2d 1233, 1251 (App.1996) (eschewing majority appellate practice, which reviews trial court's determination of competency for abuse of discretion, and adopting "two-part" standard under which appellate court "initially assesses whether the trial court made its competency determination based on a correct legal standard" *de novo* and then secondarily assesses, under "the substantial evidence standard," whether "the

trial court's determination of a defendant's competency is fairly supported by the record")).[1] In this respect, the plain language of HRS § 704–404(1) establishes that the question whether to stay the proceedings—thereby triggering the trial court's obligation to appoint a panel of examiners pursuant to HRS § 704–404(2)—in circumstances where there is either "reason to doubt the defendant's fitness to proceed" or "to believe that the physical or mental disease, disorder, or defect of the defendant will or has become an issue in the case" is left to the sound discretion of the trial court; that being so, the applicable standard of review on appeal of a trial court's refusal to stay the proceedings and to appoint a panel of examiners is obviously abuse of discretion. *See* HRS §§ 704–404(1) ("the court *may* suspend all further proceedings in the prosecution") and 704–404(2) ("Upon suspension of further proceedings in the prosecution, the court *shall* appoint three qualified examiners in felony cases . . . to examine and report upon the physical and mental condition of the defendant.").

■ With regard to *Castro I*, and upon carefully reviewing the prosecution's application for a writ of certiorari, the ICA's majority opinion, Judge Acoba's concurring opinion in *Castro I*, (hereinafter, the "concurring opinion"), and the record on appeal, we believe that the concurring opinion correctly

---

1. The ICA's majority opinions in both *Castro I* and *Castro II* contain rumination regarding the correctness of our ruling in *Janto* that a trial court's determination of a defendant's competency is reviewed on appeal for an abuse of discretion. We do not agree with the *Castro I* and *Castro II* majorities that *Janto* is internally inconsistent; neither do we view our reasoning therein as opaque. Nevertheless, we deem it prudent to reiterate our rationale in *Janto* for the ICA's benefit and guidance.

In *Janto* we overruled *Soares* and held that, inasmuch as a single statutorily mandated legal standard governs a trial court's determination of a defendant's competence to stand trial, the ICA incorrectly held in *Soares* that the initial question to be addressed on appellate review of a trial court's competency determination is whether the trial court made its decision "based on a correct legal standard" and that the standard of appellate review was *de novo*. *Janto*, 92 Hawai'i at 27–29, 986 P.2d at 314–16. On the contrary, the standard to be applied by a trial court in determining a defendant's competency is prescribed by HRS § 704–403 (1993), which, as discussed in *Janto*, requires the trial court to "determine whether the defendant either (1) lacks capacity to understanding the proceedings against him or her, or (2) lacks capacity to assist in his or her defense." *Id.* at 28 n. 3, 986 P.2d at 315 n. 3. Moreover, pursuant to HRS § 704–405 (1993), "[w]hen the defendant's fitness to proceed is drawn in[to] question, the issue shall be determined by the [trial] court." Thus, the determination of a defendant's competency is a matter that the legislature has left to the sound discretion of the trial court. *Cf. Siah v. State*, 837 P.2d 485, 487 (Okla.Crim.App.1992) (cited in *Janto*, 92 Hawai'i at 29, 986 P.2d at 316).

In order to assist the trial court in making this determination, HRS § 704–404(2) provides that a panel of qualified examiners "shall" be appointed "to examine and report upon the physical and mental condition of the defendant" once the trial court has exercised its discretion to suspended further proceedings due, *inter alia*, to "a reason to doubt the defendant's fitness to proceed" or because there is "reason to believe that the physical or mental disease, disorder, or defect of the defendant will or has become an issue in the case." Accordingly, we stated in *Janto* that the question whether a defendant lacks capacity either to understand the proceedings against him or her or, alternatively, to assist in his or her defense "is primarily a matter for the professional determination of the examiners appointed by the trial court," and held that, inasmuch as a trial court's ruling on competency entails its assessment of the reports and testimony of the panel of examiners, as well as its observational assessment of the defendant in court, its ruling was reviewable on appeal for an abuse of discretion. *Janto*, 92 Hawai'i at 29, 986 P.2d at 316.

Thus, *Janto* is not internally inconsistent. Although a number of examiners, in the first instance, prepare reports and testify regarding a defendant's physical and mental condition as it relates to whether he or she is fit to proceed, the statute vests the trial court with the authority to assess the weight to be given the reports and testimony, as well as the credibility of the individual examiners and the methods employed, as construed in light of the trial court's own observations of the defendant in court and any testimony or other evidence adduced by the defendant's or prosecution's own experts. *See* HRS § 704–405 (providing that the party contesting the findings contained in an examiner's report may proffer its own evidence). Inasmuch as the final determination regarding a defendant's competency is statutorily vested in the trial court and, by its very nature, is one that calls for both an assessment of the credibility of the examiners and any other expert witnesses and for an exercise of its own independent judgment (thus boiling down to a "judgment call"), a trial court's ruling with regard to a defendant's fitness to proceed is appropriately reviewed on appeal for an abuse of discretion.

construes HRS § 704–404 and articulates the proper grounds for reversing the circuit court's order, vacating the circuit court's judgment of conviction and sentence, and remanding Cr. No. 97–0504. We note that Judge Acoba's concurring opinion, unlike the ICA's majority opinion, correctly limits the analysis to a construction of the plain language of HRS § 704–404, rather than predicating his analysis on a melange of commentary drawn from academic literature and the case law of other jurisdictions. Inasmuch as the plain and unambiguous language of HRS § 704–404 imposes a rational basis standard, as Judge Acoba's concurring opinion explains, the ICA's majority opinion was wrong to fashion a "valid reason" standard from sources other than the statute itself.

■ Accordingly, we vacate in part the ICA's majority opinion in *Castro I* (specifically, the portions of the opinion entitled: (1) "Defendant's Rights in a Criminal Case"; (2) "Standard of Review"; (3) "Trial Court's Duty to Appoint Professional Examiners"; and (4) "Discussion"), approve and adopt Judge Acoba's concurring opinion in its entirety, and hold that, inasmuch as HRS § 704–404(1) provides in relevant part that, "[w]henever ... there is reason to doubt the defendant's fitness to proceed, or reason to believe that the physical or mental disease, disorder, or defect of the defendant will or has become an issue in the case, the court may immediately suspend all further proceedings in the prosecution," and HRS § 704–404(2) provides in relevant part that, "[u]pon suspension of further proceedings in the prosecution, the court shall appoint three

qualified examiners in felony cases ... to examine and report upon the physical and mental condition of the defendant," the legislature intended, as Judge Acoba observes, that "only some rational basis for convening a panel is necessary to trigger the [trial] court's ... power" to stay the proceedings and, thereafter, to appoint examiners. Because the motion for a mental examination and defense counsel's declaration attached thereto articulated a rational basis upon which there was both "reason to doubt" Castro's fitness to proceed and "reason to believe" that Castro was suffering from a physical or mental disease, disorder, or defect that had affected his ability to assist in his own defense,[2] we further hold that the circuit court abused its discretion in (1) refusing to stay the proceedings, (2) failing to appoint a panel of examiners, and (3) determining, without the assistance of such a panel of examiners, that Castro was fit to proceed.

With regard to *Castro II*, and upon carefully reviewing the prosecution's application for a writ of certiorari, the ICA's majority opinion, Judge Acoba's concurring opinion, and the record on appeal, we vacate in part the *Castro II* majority opinion, specifically, the portions of the opinion entitled: (1) "Defendant's Rights in a Criminal Case"; (2) "Standard of Review"; (3) "Trial Court's Duty to Appoint Professional Examiners"; and (4) "Discussion." We leave the remainder of the *Castro II* majority opinion undisturbed, except that we correct the ICA's scribal error regarding the date on which the circuit court filed its order in Cr. No. 97–

2. In *Castro I*, defense counsel's declaration averred in relevant part:

  2. Defendant has had two prior attorneys whom Defendant felt were conspiring with the Prosecution.

  3. During attorney client interviews, the Defendant does not listen to and/or comprehend what attorney discusses with him.

  4. Defendant during interviews appears unable to concentrate on what is being said and looks around and comments on what is going on around him.

  5. Defendant has been fixated on his belief that the events for which he is charged is part of a conspiracy between the Honolulu Police Department, the Prosecution, and witnesses.

  6. However, the Defendant is extremely impatient with any counseling by his counsel, wants to proceed to trial immediately, and feels that Divine guidance will result in his being vindicated. (Initially, counsel felt that Defendant has just found religion, but now believes there is something psychologically unstable about his references to Divine intervention).

  7. On Sunday, September 21, 1997, after a probing inquiry of Defendant, counsel was informed that Defendant suffered severe head injury about three years ago and was under treatment by physicians for head injuries. Also, the Defendant admitted a history of chronic use of methamphetamine.

In *Castro II*, defense counsel submitted a nearly identical declaration.

0764 denying Castro's motion for a mental examination to read "October 28, 1997." In addition, we expressly approve and adopt Judge Acoba's concurring opinion.

In accord with the foregoing, the judgment on appeal in *Castro I* is affirmed, the circuit court's March 24, 1998 judgment of conviction is vacated, the circuit court's October 21, 1997 order denying Castro's motion for a mental examination is reversed, and Cr. No. 97–0504 (No. 21482 on appeal) is remanded to the circuit court for further proceedings consistent with this and Judge Acoba's concurring opinion in No. 21482. Similarly, the judgment on appeal in *Castro II* is affirmed, the circuit court's March 6, 1998 judgment of conviction and sentence is vacated, the circuit court's October 28, 1997 order denying Castro's motion for a mental examination is reversed, and Cr. No. 97–0764 (No. 21476 on appeal) is remanded to the circuit court for further proceedings consistent with this and Judge Acoba's concurring opinion in *Castro I.*