STATE OF NEBRASKA, APPELLEE, V. JASPER EDDIE FALKNER,
APPELLANT.
360 N.W.2d 482
Filed December 28, 1984.   No. 84-280.

James P. Miller and Owen A. Giles, for appellant.

Jasper Eddie Falkner, pro se.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Appellant, Jasper Eddie Falkner, was convicted, after a jury trial, of being a felon in possession of a firearm (Neb. Rev. Stat. § 28-1206 (Reissue 1979)). At a separate enhancement hearing he was found to be a habitual criminal (Neb. Rev. Stat. § 29-2221 (Reissue 1979)) and sentenced to a term of from 10 to 20 years' imprisonment in the Nebraska Penal and Correctional Complex. He appeals.

Appellant assigns as error that there was insufficient evidence to convict him of the charge of being a felon in possession of a firearm. Appellant also contends that his trial counsel was incompetent and thus his rights under the sixth amendment of the U.S. Constitution were abridged.

About 9 p.m. on September 28, 1983, State Troopers William H. Jackson and Jim McConnell were traveling in a patrol car west on Interstate 80 near the Platte River in Sarpy County, Nebraska. The troopers observed debris partially obstructing traffic on one of the eastbound lanes of the

Interstate. Upon investigation the troopers found a speed limit sign which had apparently been damaged by a van located about 30 yards off the Interstate. The van was also damaged.

The troopers inspected the van, found no one in it, and determined that it was registered to the appellant. Trooper Jackson was apprised of the fact that appellant was on parole from the Nebraska Penal and Correctional Complex.

Returning to their patrol car, the troopers drove approximately a quarter of a mile in an easterly direction when they sighted four persons walking eastbound on the shoulder of the Interstate. Approaching from the rear, Trooper Jackson shined the patrol car floodlight on the group and advised them to walk back toward the patrol car. As the appellant neared the patrol car, he stepped off the paved shoulder and slid or fell down a muddy embankment, landing approximately 10 feet below the shoulder. When the defendant came to a rest, his back was to the officers and his hands were not visible. An impression of appellant's rear was left in the soft mud at the place where he came to rest. A light was shone on the area, and the officers recovered a loaded .22-caliber revolver within inches of the impression.

In order to prove the appellant's past felony conviction, the State introduced self-authenticating copies of court records indicating that the appellant had been convicted of robbery in Douglas County, Nebraska, and was sentenced to a term of from 7 to 8 years' imprisonment, and of the crime of "going armed with intent" in Pottawattamie County, Iowa, and sentenced to a term of 5 years. Each of the certified transcripts indicated appellant was represented by counsel during the proceedings.

Appellant does not dispute that he is the same Jasper Eddie Falkner named in the above convictions. He did, however, introduce evidence through the testimony of two of his companions that another person in the group, not the appellant, was in possession of the gun on the night in question. Although sketchy, it was apparently the appellant's defense that another person in the group had thrown the gun into the ditch prior to the troopers' arrival. The jury, as is its province, obviously chose not to accept the appellant's version of the facts

but, rather, concluded that the gun was carried by Falkner and then discarded at the end of his conveniently arranged slip or fall from the paved portion of the Interstate. Therefore, the first assignment is without merit.

The second assignment of error is more difficult to follow. Appeal counsel argues on direct appeal that the trial counsel was incompetent because he did not first investigate to determine the constitutional validity of the appellant's prior convictions in Douglas and Pottawattamie Counties. It is apparent on the face of the certified transcripts that the appellant at the time of the conviction had counsel, thus satisfying *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984), and *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983).

At the enhancement hearing, in addition to the evidence of the two previous convictions mentioned above, a certified copy of a third judgment and sentence for the crime of assault with intent to commit robbery was introduced into evidence. The transcript shows that the appellant was represented by counsel, convicted, and sentenced to a term of from 2 to 5 years' imprisonment for this crime.

We have recently repeated in *State v. Evans, ante* p. 849, 359 N.W.2d 790 (1984), our rule with respect to a claim of ineffective assistance of counsel. See, also, *State v. Robinson, ante* p. 156, 352 N.W.2d 879 (1984). We need not repeat it here. We merely point out that in those cases we stated that " '[i]n addition, defendant must show that he suffered prejudice in the defense of his case as a result of his attorney's actions or inactions. . . .' " *State v. Evans, supra* at 852-53, 359 N.W.2d at 793.

Apart from the rather bold assertion that if trial counsel had investigated he may have found something constitutionally suspect in the previous convictions, we are not favored with any clue as to what those deficiencies might have been. Indeed, we are not even informed whether counsel on appeal investigated and discovered any such deficiencies. This assignment is also without merit.

It is extremely easy for appellate counsel to sully the reputation of trial counsel, yet like a thrown stone such a charge

is impossible to recall. The damage is done. Trial counsel is now labeled as incompetent, with absolutely no evidence to sustain that charge. We do not urge counsel on appeal to be anything less than aggressive in the representation of their clients on appeal. However, we do not condone representation in an irresponsible manner.

AFFIRMED.