STATE OF NEBRASKA, APPELLEE, V. JASPER EDDIE FALKNER, APPELLANT.

398 N.W.2d 708

Filed January 2, 1987.   No. 86-501.

Jasper Eddie Falkner, pro se.

Robert M. Spire, Attorney General, and Fredrick F. Neid, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Defendant appeals from the judgment of the district court denying his motion for postconviction relief and an evidentiary hearing thereon.

In his pro se brief defendant assigns two errors: (1) "The all white jury veniremen wherefrom relator's jury was chosen which did not have any blacks on it from which all blacks had been deliberately, systematically and unconstitutionally excluded"; and (2) "The total ineffectiveness of relator's counsel for his refusal and failure to challenge the array . . . ." Additionally, by virtue of an "amended brief," defendant appears to further assign as error the claim of ineffectiveness of trial counsel in the cross-examination of the State's witnesses. We affirm.

Ineffectiveness of counsel was considered by this court in defendant's direct appeal, in which he appeared pro se and was also represented by counsel. *State v. Falkner*, 218 Neb. 896, 360 N.W.2d 482 (1984). This court has consistently held that the Postconviction Act cannot be used as a substitute for appeal or as a further review of issues already litigated. *State v. Lytle, ante* p. 486, 398 N.W.2d 705 (1987); *State v. Hurlburt,* 221 Neb. 364, 377 N.W.2d 108 (1985).

In raising the question of ineffectiveness of counsel on direct appeal, as he did, defendant could have litigated the questions of alleged failure of counsel to challenge the racial composition of the trial jury and the claimed ineffective cross-examination of the State's witnesses. A motion for postconviction relief may not raise questions which were or could have been raised on direct appeal. *State v. Galvan*, 222 Neb. 104, 382 N.W.2d 337 (1986). The second and third assignments of error are without merit.

In his application for postconviction relief defendant alleges only that there are black people living in Sarpy County but that none were called to serve on his jury. Lack of jury members of

the same race as the defendant, standing alone, does not support a claim of improper racial composition of the jury. *Bell v. State*, 159 Neb. 474, 67 N.W.2d 762 (1954) (no constitutional or statutory requirements that a jury shall be composed of both whites and blacks in certain proportions).

All that the Constitution forbids, however, is systematic exclusion of identifiable segments of the community from jury panels and from the juries ultimately drawn from those panels; a defendant may not, for example, challenge the makeup of a jury merely because no members of his race are on the jury, but must prove that his race has been systematically excluded.

*Apodaca v. Oregon*, 406 U.S. 404, 413, 92 S. Ct. 1628, 32 L. Ed. 2d 184 (1972).

It goes without saying that not only must the defendant prove improper racial exclusion by surveys or statistical data, or other analysis reflecting systematic exclusion, but must, in the first instance, allege such facts. That he has not done.

The judgment of the district court was correct and is affirmed.

AFFIRMED.