Merrimack
No. 2007-398

THE STATE OF NEW HAMPSHIRE

v.

MATTHEW KINCAID

Argued: September 17, 2008
Opinion Issued: November 20, 2008

*Kelly A. Ayotte*, attorney general (*Nicolas Cort*, assistant attorney general, on the brief and orally), for the State.

*Sisti Law Offices*, of Chichester (*Mark L. Sisti* and *Adam Cook* on the brief, and *Mr. Sisti* orally), for the defendant.

BRODERICK, C.J. The defendant, Matthew Kincaid, was convicted by a jury in Superior Court (*Mangones*, J.) on two counts of negligent homicide. *See* RSA 630:3 (Supp. 2001) (amended 2006). We affirm.

The following facts were found by the trial court or are supported by the record. In September 2004, the defendant was arrested following a single vehicle crash on Constitution Avenue in Concord. Randall Holmes, a passenger in the vehicle, was killed. The defendant was indicted for negligent homicide. Prior to trial, he moved to suppress evidence of his blood alcohol content, post-arrest statements, and field sobriety tests. The Trial Court (*Fitzgerald*, J.) denied his motions, and the defendant was subsequently convicted. After his conviction, he retained new counsel. Subsequently, the defendant filed a motion to stay sentencing, pending a competency hearing and evaluation. He claimed he could not remember the accident due to a head injury, and thus "could not intelligently and rationally discuss the case with his [attorney]." The Trial Court (*Mangones*, J.) denied the motion without a hearing and imposed sentence. This appeal followed.

On appeal, the defendant argues that the trial court erred in denying his post-trial motion for a competency evaluation and hearing. He asserts that he cannot remember anything about the accident, and thus was unable to assist his counsel meaningfully in his defense at trial. The defendant maintains that by failing to hold a hearing on his competency, the trial court violated his right to due process under Part I, Article 15 of the New Hampshire Constitution and the Fourteenth Amendment to the United States Constitution. He also argues that the trial court erred when it admitted evidence of his blood alcohol content, post-arrest statements, and

field sobriety tests under a facially unconstitutional statute, former RSA 265:93 (2004) (current version at RSA 265-A:16 (Supp. 2008)). We first address the defendant's claims under the State Constitution, *State v. Ball*, 124 N.H. 226, 231-33 (1983), and cite federal opinions for guidance only. *Id.* at 232-33.

"As the trial court is in the best position to evaluate [a] criminal defendant's behavior, we grant deference to its decision regarding the need for a competency hearing." *State v. Zorzy*, 136 N.H. 710, 715 (1993). "Due process guarantees under both the Federal and State Constitutions protect defendants from standing trial if they are legally incompetent." *Id.* at 714. "The test for competency, as formulated by the United States Supreme Court in *Dusky v. United States*, 362 U.S. 402, 402 (1960), and adopted by this court, is two-pronged." *Id.* "First, the defendant must have a sufficient present ability to consult with and assist his lawyer with a reasonable degree of rational understanding. Second, the defendant must have a factual as well as rational understanding of the proceedings against him." *Id.* (quotation and citation omitted). We have held that a trial court, in order to comply with due process, *must* order an evidentiary hearing on the issue of competency "whenever a bona fide or legitimate doubt arises whether a criminal defendant is competent to stand trial." *Id.* at 715 (quotation omitted).

In determining whether a "bona fide or legitimate doubt" exists with regard to a defendant's competency, numerous factors should be considered:

> In determining whether to order a competency hearing, the trial court should consider evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competency. Where a trial court has before it only a tentative speculation that the defendant is incompetent, it need not order an evidentiary hearing into the defendant's competence. In addition, a trial record void of any indication that the defendant could not assist in his defense, or rationally comprehend the nature of the proceedings, provides substantial evidence of the defendant's competence.

*Id.* at 715 (citations and quotations omitted). The list of factors, however, is not exclusive. A trial court should exercise its discretion based upon the particular facts and circumstances of the case before it and order a competency hearing as it deems necessary, so as to uphold a defendant's right to due process.

In this case, the defendant claims amnesia. He does not allege that he behaved irrationally or that his demeanor at trial was out of the ordinary. He claims, in essence, that because he could not remember what happened, the first prong of the competency test articulated in *Zorzy* cannot be met. That is, he argues that because he is not able to remember the crash, the events leading up to it, and what transpired immediately thereafter, he lacked "a sufficient present ability to consult with and assist his [trial counsel] with a reasonable degree of rational understanding." *Id.* at 714. Given the facts of this case, we disagree.

The Concord Hospital Radiology report from the night of the crash lists the diagnosis as "facial laceration," and notes "no evidence of mandibular fracture." The Concord Fire Department Patient Record Report concerning the defendant states: "Level of Consciousness: Alert," and "[patient has] minor facial injuries." The record shows the defendant told a police officer at the scene that "he had not hit his head."

Although the record before us does not appear to provide support for the defendant's claim of amnesia, we assume, without deciding, that the defendant has no memory of the accident. That claim alone, however, does not automatically raise a bona fide or legitimate doubt triggering a due process right to a competency hearing. There are many ways a defendant can consult with and assist his trial counsel with a reasonable degree of rational understanding without necessarily remembering the details or circumstances of an event that led to his arrest. As the trial court observed in its order on the defendant's post-trial motion for a competency evaluation:

> This matter [of the defendant's negligent homicide charge] had been litigated at trial over a number of days. Defendant was represented by two conscientious defense counsel in these matters. . . . A number of pretrial motions had been filed. Various issues . . . had been raised by the defense in the context of motions to suppress and similar pre-trial motions. However, no issues concerning the competency of defendant to stand trial appear to have been raised during the two year run-up to trial.

In concluding that a defendant can consult with and assist his trial counsel with a reasonable degree of rational understanding without necessarily remembering an event, our analysis is consistent with that employed by other jurisdictions. As the Ohio Supreme Court has observed: "Although there are no definitive judicial explanations of what constitutes the ability to assist in one's own defense, . . . it is clear that the cases without exception reject the notion that an accused possesses that ability only if he is able to

remember the circumstances of the crime with which he is charged." *State v. Brooks*, 495 N.E.2d 407, 413 (Ohio 1986) (quotations omitted), *cert. denied*, 479 U.S. 1101 (1987); *see also Com. v. Barky*, 383 A.2d 526, 528 (Pa. 1978) ("We do not believe that appellant's amnesia alone denied him . . . the opportunity to present a defense.").

■■ The record before the trial court essentially contained only a representation that the defendant suffered amnesia. In the exercise of its discretion, the trial court could reasonably have concluded that no bona fide or legitimate doubt arose as to the defendant's competency. *See Zorzy*, 136 N.H. at 715. Given our deference to the trial court's decision regarding the need for a hearing to assess a defendant's competence, we cannot say, on the record before us, that it erred in denying his motion. As the United States Constitution provides no greater protection to the defendant than Part I, Article 15, *see id.* at 714, we reach the same result under the Federal Constitution as we do under the State Constitution.

■ Next, the defendant argues that the trial court committed reversible error when it admitted evidence of his blood alcohol content, his post-arrest statements and evidence of his field sobriety tests pursuant to a facially unconstitutional statute, former RSA 265:93. Because the defendant has failed to brief his arguments with respect to the admission of his post-arrest statements and field sobriety tests, those issues are deemed waived, and we address only his contention that the trial court erred in admitting his blood alcohol content. *See, e.g., State v. Chick*, 141 N.H. 503, 504 (1996) (although defendant's brief claimed violation of right to due process, claim waived where brief failed to further elaborate on argument). With respect to its admission, the defendant argues that the statute authorizes seizure of evidence without requiring a nexus between probable cause and the evidence sought.

In denying the defendant's pre-trial motion, the trial court declined to rule on the constitutionality of RSA 265:93, finding that the statute was not implicated. The trial court concluded that the defendant was arrested for a felony and impliedly consented to the blood draws that were seized pursuant to probable cause and exigency. *E.g., State v. Wong*, 125 N.H. 610 (1984). The trial court order provided:

> The defendant here had impliedly consented to tests of his blood, breath and urine by virtue of RSA 265:84. Further, . . . he had no right under RSA 265:92 to refuse to consent to tests of his blood, breath or urine since he was arrested for a felony. Thus, the defendant's blood could be tested *without implicating the testing mandates of RSA 265:93*.

(Emphasis added.)

The defendant does not challenge this ruling on appeal. Because the trial court did not rely upon RSA 265:93, we need not address the defendant's constitutional challenge to it. *See Anglin v. Kleeman*, 140 N.H. 257, 260 (1995) (emphasizing court's policy against reaching a constitutional issue in a case that can be decided on a nonconstitutional ground).

*Affirmed.*

DALIANIS, DUGGAN, GALWAY and HICKS, JJ., concurred.