

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0240-07

---

**REGINALD EUGENE MORRIS, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S AND STATE'S PETITIONS
### FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### MONTGOMERY COUNTY

---

KELLER, P.J., filed a concurring and dissenting opinion in which MEYERS, J., joined.

I do not believe that the competency statute has anything to do with amnesia. I would hold as a legal matter that amnesia with respect to an alleged crime does not render a defendant incompetent to stand trial. I would also hold that when a trial judge is authorized to run sentences concurrently or consecutively, but cumulates ("stacks") the sentences in an unlawful manner, the remedy is to remand the case to the trial judge to reconsider the cumulation decision.

## A. Amnesia

The Court holds that amnesia does not render a person incompetent per se, and it further holds in this case that there was ample evidence to support the jury's finding that appellant was in fact competent to stand trial. The Court correctly rejects reliance upon the *Wilson*[1] factors, but I would go further and hold that the amnesia evidence did not raise an issue concerning appellant's competency, so a jury trial on his competency to stand trial was not even necessary.

I agree with those courts that have held that loss of memory, due to amnesia, with respect to the time period in which the alleged crime occurs does not render a person incompetent to stand trial.[2] As some courts have pointed out, "[E]veryone is amnesic to some degree":

---

[1] *Wilson v. United States*, 391 F.2d 460 (D.C. Cir. 1968); *see also Jackson v. State*, 548 S.W.2d 685 (Tex. Crim. App. 1977).

[2] *See Fajeriak v. State*, 520 P.2d 795, 802 (Alas. 1974)(quoting *United States v. Knohl*, 379 F.2d 427, 436 (2nd Cir. 1967): "Where the defendant complains of nothing more than memory difficulties, there is an inadequate ground for holding an accused incompetent to stand trial."); *Rector v. State*, 277 Ark. 17, 18, 638 S.W.2d 672, 673 (1982)("[A]mnesia is not an adequate ground for holding a defendant incompetent to stand trial."); *People v. Jablonski*, 37 Cal. 4th 774, 809, 126 P.3d 938, 962, 38 Cal. Rptr. 3d 98, 126 (2006)("[M]emory impairment . . . does not, standing alone, establish incompetency."); *Darby v. State*, 514 N.E.2d 1049, 1052 (Ind. 1987)("Loss of memory is not a basis for determining a defendant is incapable of adequately assisting in her defense."); *Commonwealth v. Griffin*, 622 S.W.2d 214, 216 (Ky. 1981)("[A]mnesia or poor recall of events surrounding the commission of crime" does not render a defendant incompetent to stand trial.); *Morrow v. State*, 293 Md. 247, 253, 443 A.2d 108, 112 (1982)(In rejecting the case-by-case approach, the court explained that "amnesia, by itself, as to the events of the crime charged, does not justify a finding of incompetence."); *State v. Baumruk*, 280 S.W.3d 600, 608-09 (Mo. 2009)("[A]mnesia does not bar prosecution of an otherwise competent defendant. . . . A lack of memory of the events surrounding the commission of a crime does not make an individual incompetent to stand trial for the crime."); *State v. Holtan*, 205 Neb. 314, 322, 287 N.W.2d 671, 676 (1980)("[T]he mere fact that the defendant maintains he does not recall committing the crime but with full faculty enters a plea does not impose upon the trial court an obligation or duty to require a competency hearing."); *State v. Kincaid*, 158 N.H. 90, 94, 960 A.2d 711, 714 (2008)(Regarding amnesia claim, "assum[ing] without deciding, that the defendant has no memory of the accident . . . . That claim alone, however, does not automatically raise a bona fide doubt triggering a due process right to a competency hearing."); *State v. Molnar*, 81 N.J. 475, 489 n.5, 410 A.2d 37, 44 n.5

> But we underline the obvious in declaring that amnesia is nothing more than a failure of memory concerning facts or events to which an individual has been exposed and that every individual's memory process is marked by some distortion which may occur at any point and as a result, no one's memory is in fact complete, even under ideal conditions.[3]

A person who suffers from amnesia about the time period during which the alleged crime occurred is really in no worse position than someone who was home alone, asleep in bed; someone whose memory was impaired because he was insane, intoxicated, or drugged; someone whose "mind went blank," who "blacked out" (from alcohol or drug intoxication or otherwise), or who was unconscious; someone whose memory was affected by panic during the incident; or someone whose

---

(1980)(noting intermediate appellate court cases from New Jersey dealing with amnesia that have "accepted the view that the mere inability to remember the crime does not affect capacity to stand trial"); *State v. Francabandera*, 33 N.Y.2d 429, 435-36, 310 N.E.2d 292, 295, 354 N.Y.S.2d 609, 613-14 (Ct. App. 1974)(In rejecting amnesia as a basis for finding a defendant incompetent under New York statute, court explained that there was "no authority" that the statute "contemplates any situation other than defendant's mental imbalance at the time of trial."); *State v. Avery*, 315 N.C. 1, 12, 337 S.E.2d 786, 792 (1985)(quoting *State v. Willard*, 292 N.C. 567, 576, 234 S.E.2d 587, 593 (1977): "Obviously, if defendant is unable to recall the events of the crime, his available defenses may be limited. We do not believe this fact alone renders him incompetent to stand trial."); *State v. Brooks*, 25 Ohio St. 3d 144, 151-52, 495 N.E.2d 407, 413 (1986) ("Assuming, *arguendo*, appellant does suffer from psychogenic amnesia, this fact alone would not render him incompetent to stand trial."); *Frederick v. State*, 2001 OK CR 34, 37, 37 P.3d 908, 924 (2001)("[T]he present inability to remember events surrounding the crime does not impair the defendant's rational thought process and therefore is not incompetence."); *State v. Peabody*, 611 A. 2d 826, 832 (R.I. 1992)(In response to amnesia claim: "We shall not expand the meaning of [the Rhode Island competency statute] by holding that a defendant's ability to consult with and assist his lawyer also encompasses the ability to remember the circumstances out of which the criminal charges arose.")

[3] *State v. McClendon*, 103 Ariz. 105, 107, 437 P.2d 421, 423 (1968)(quoting from 71 YALE LAW J. 109-11 (1961-62), quotation marks and italics omitted); *see also Morrow*, 293 Md. at 254, 443 A.2d at 112 ("as the passage of time erodes memory"); *Willard*, 292 N.C. at 577, 234 S.E.2d at 593.

memory has dimmed or been lost with the passage of time.[4] "[M]any defendants, especially innocent ones, must proceed with less than perfect knowledge as to the circumstances of the alleged crime, yet trials are not unfair for that reason alone."[5] Lack of memory about the alleged crime is a common occurrence in criminal cases:

> Inevitably in this jurisdiction and others persons will be charged with crimes for which they have no memory. The causes of their amnesia may vary from psychological or physical trauma to drug or alcohol-induced blackout.

> \* \* \*

> "For over 100 years, lack of memory in murder cases has been a common and frequent defense. Although the expressions differ, they all amount to the same thing. Cases abound with commonly used statements or testimony by a person accused of murder that 'I don't remember anything'; 'my mind went blank'; 'I blacked out'; 'I panicked and don't remember what I did or anything that happened.'"

> \* \* \*

> Our criminal codes have been born of the societal interest in apprehending and punishing those who are guilty of serious crimes. We do not wish to provide a means of evading trial to those who are charged with criminal activity but cannot recall such activity owing to fortuitous circumstances or otherwise.[6]

In order to be competent to stand trial, a defendant must have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and (2) a rational as

---

[4] *See Fajeriak*, 520 P.2d at 802 (quoting *United States v. Stevens*, 461 F.2d 317, 320 (7th Cir. 1972)); *McClendon*, 103 Ariz. at 108, 437 P.2d at 424 (quoting *Commonwealth ex. rel. Cummins v. Price*, 421 Pa. 396, 406, 218 A.2d 758, 763 (1966)); *Morrow*, 293 Md. at 254, 443 A.2d at 112; *Avery*, 315 N.C. at 12, 337 S.E.2d at 792 (quoting *Willard*, 292 N.C. at 577, 234 S.E.2d at 593); *Peabody*, 611 A.2d at 832.

[5] *Commonwealth v. Lombardi*, 378 Mass. 612, 616, 393 N.E.2d 346, 349 (1979).

[6] *Peabody*, 611 A.2d at 832 (in part, quoting *Price*, 421 Pa. at 401, 218 A.2d at 760).

well as factual understanding of the proceedings against him.[7] This standard does not require that the defendant possess all the knowledge that he would like to have, or even all the knowledge that an ordinary person in his position would have. As the Maryland Court of Appeals explained, "the understanding required is the nature of the charge, the facts required to be proved to sustain the charge, and the consequences attending a conviction for having committed the charge."[8] A defendant must also be able to discuss tactical decisions with his attorney concerning the trial.[9] A defendant who has amnesia with respect to a limited period of time, and no other mental defects, can think rationally, and is therefore competent to stand trial.[10] Although such a defendant cannot assist counsel with his memory, there are many other ways he can assist counsel throughout the case.[11] And memory is "only one source of ascertaining the facts surrounding the event for which a crime is charged."[12]

Although a defendant's amnesia might, in a given case, be a symptom of some *other* mental defect that has been raised by the evidence that would render him incompetent to stand trial,[13] amnesia about the time period in which the crime occurred is not, in itself, a sign of incompetency.

---

[7] TEX. CODE CRIM. PROC. art. 46B.003(a).

[8] *Morrow*, 293 Md. at 255, 443 A.2d at 113.

[9] *See Id.*, 293 Md. at 255-56, 443 A.2d at 113.

[10] *Francabandera*, 33 N.Y.2d at 436, 310 N.E.2d at 295, 354 N.Y.S.2d at 614; *Frederick*, 2001 OK CR at 37, 37 P.3d at 924.

[11] *McClendon*, 103 Ariz. at 109, 437 P.2d at 425; *Morrow*, 293 Md. at 255-56, 443 A.2d at 113; *Kincaid*, 158 N.H. at 94, 960 A.2d at 714; *Peabody*, 611 A.2d at 833.

[12] *Griffin*, 622 S.W.2d at 217.

[13] *See Jablonski*, 37 Cal. 4th at 809, 126 P.3d at 962, 38 Cal. Rptr. 3d at 126.

That is why the Supreme Court of Kentucky has concluded that a trial court's finding of fact that a defendant was incompetent due to amnesia was clearly erroneous,[14] why the Court of Appeals of Maryland has expressly rejected the "case-by-case" approach,[15] and why the Supreme Courts of Nebraska and New Hampshire have held that evidence of amnesia did not trigger a duty in the trial court to hold a competency hearing.[16] Like those courts, I would hold that appellant's amnesia regarding the time period during which the alleged crime occurred was not any evidence of incompetency to stand trial, and that a jury trial on incompetency was not even required.

### B. Stacking

I agree with the Court that an unlawful stacking order does not constitute "reversible error" under article 44.29(b) of Texas Code of Criminal Procedure.[17] The State is not entitled to a new punishment hearing.[18] But I disagree with the Court's conclusion that the proper remedy is to delete the offending portion of the cumulation order.

---

[14] *See Griffin*, 622 S.W.2d at 216 ("[T]he finding and conclusion that Griffin did not have substantial capacity to participate rationally in his own defense is based upon Griffin's poor memory surrounding the time the offenses were committed. We are of the opinion that this finding of fact by the trial court is clearly erroneous, is not supported by substantial evidence, and is tantamount to a holding that amnesia or poor recall of events surrounding the commission of crime would render a defendant incompetent to stand trial. We have never adopted this criterion in this jurisdiction and are unwilling to do so now.").

[15] *See Morrow*, 293 Md. at 253, 443 A.2d at 112 ("We decline to accept Morrow's invitation to follow a case-by-case approach. . . . It is our opinion that those courts which hold that amnesia, by itself, as to the events of the crime charged, does not justify a finding of incompetence, represent the better reasoned approach, and we so hold.").

[16] *See Holtan* and *Kincaid*, cited in this opinion, footnote 2.

[17] *See Beedy v. State*, 250 S.W.3d 107, 110- 13 (Tex. Crim. App. 2008).

[18] *See id.* at 109-13.

Sometimes, non-reversible error may be subject to an intermediate remedy: a remand, not for a new trial or punishment hearing, but for further proceedings of a more limited scope.[19] In *Barton v. State*, the trial judge was authorized to order restitution, but no factual basis was introduced in the record to support the amount of restitution.[20] We held that the court of appeals could not reverse and remand the case for a new punishment hearing, but it could and should abate the appeal and remand the case for a hearing limited to determining the appropriate amount of restitution.[21]

As in *Barton*, the present case offers the possibility of an intermediate remedy. The trial judge was not allowed to partially stack a sentence, but that error can be remedied by abating the appeal and remanding the case for the trial judge to reconsider the cumulation order. The trial judge could then decide whether to run the third sentence concurrently or consecutively with the other sentences. The abatement and remand remedy would leave intact the jury's assessment of 18-year sentences on each count. The State would not be given the opportunity, for example, to procure 20-year sentences against appellant.

The Court says that we cannot take advantage of an intermediate remedy because the trial court's order was "unlawful." In support of its holding, the Court relies upon *Beedy v. State*, where the Court held that the proper remedy in that case was to delete the cumulation order.[22] But *Beedy* is distinguishable because in that case, the trial judge had no authority to stack a deferred

---

[19] *See Barton v. State*, 21 S.W.3d 287 (Tex. Crim. App. 2000)(restitution order).

[20] *Id.* at 288.

[21] *Id.* at 289-90.

[22] *See Beedy*, 250 S.W.3d at 115.

adjudication onto a sentence.[23] There were no other stacking options available to the trial judge. The only alternative to deleting the cumulation order was a remand for a new punishment hearing, which is what State requested in that case.[24] Because the improper cumulation order did not constitute reversible error, a new punishment hearing was not authorized,[25] and the only available remedy was to delete the order. In *Beedy* the Court was not confronted with a situation in which the trial court was authorized to stack sentences but stacked them in an improper manner, nor was the Court confronted with a situation in which an intermediate, alternative remedy was possible. I believe the present case is more like *Barton*, where the trial judge was authorized to issue the type of order in question, but an error existed with respect to order's specific terms, and a remand for further proceedings of a limited scope can correct the error.

### C. Conclusion

I concur in the court's judgment with respect appellant's amnesia claim, but I dissent to the Court's judgment with respect to the stacking issue.

Filed: November 18, 2009
Publish

---

[23] *Id.* at 109.

[24] *See id.*

[25] *Id.* at 110-13.