IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1389-08






ERNESTO GONZALES, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


SAN PATRICIO COUNTY





 Keller, P.J., delivered the opinion of the Court in which Meyers, Womack,
Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Price, J.,
concurred.



 Today we confront the following question: Must a trial judge conduct a competency hearing
on his own initiative after hearing evidence that, due to alcohol or drug abuse, the defendant suffered
amnesia with respect to events giving rise to the charged offense? We answer that question, "No." 


I. BACKGROUND


 Appellant shot and killed a friend at a graduation party. Both appellant and his friend were
intoxicated at the time. Appellant was found guilty of murdering his friend. At the punishment stage
of trial, appellant presented evidence that, due to alcohol and drug abuse, he suffers from primary
amnesia or blackouts, and, as a result, he could not recall the incident. The jury assessed punishment
at life imprisonment, and appellant appealed. The court of appeals affirmed the judgment, holding,
"The mere fact that, due to his alcohol and drug abuse, [appellant] could not remember the actual
shooting, did not raise a bona fide doubt in the trial judge sufficient to order a competency hearing." (1)

II. ANALYSIS


 An inquiry into competency must be conducted when there is evidence "sufficient to raise
a bona fide doubt in the mind of the judge whether the defendant is legally competent." (2) "A bona
fide doubt may exist if the defendant exhibits truly bizarre behavior or has a recent history of severe
mental illness or at least moderate mental retardation." (3) This list does not explicitly include amnesia
or intoxication, and we recently observed, in Morris v. State, that "no case yet reported . . . has held
that the inability to recall the event charged because of amnesia constitutes mental incapacity to stand
trial." (4) 

 In Morris, we gave three reasons for holding that amnesia does not per se render a defendant
incompetent to stand trial: (1) amnesia is akin to "missing" evidence, (2) a contrary rule "would
unduly hamper the State's interest in the prosecution of violators of its criminal laws and jeopardize
the safety and security of other citizens," and (3) amnesia can be easily feigned. (5) The first reason
we gave suggests that amnesia, by itself, should not even raise the issue of incompetency, because
the amnesiac is really in no different position than many other defendants who lack a recollection
of the events surrounding the charged offense:

In his plight, the amnesiac differs very little from an accused who was home alone,
asleep in bed, at the time of the crime or from a defendant whose only witnesses die
or disappear before trial. Furthermore, courts, of necessity, must decide guilt or
innocence on the basis of available facts even where those facts are known to be
incomplete, and the amnesiac's loss of memory differs only in degree from that
experienced by every defendant, witness, attorney, judge, and venireman. How much
worse off is a generally amnesic defendant on trial for murder, for example, than one
who remembers all but the dispositive fact: who struck the first blow? (6)


Though we did not "discount the possibility that there might one day be an extraordinary case in
which an inability to recall the charged event because of amnesia could constitute mental incapacity
to stand trial," (7) our reference to such a case being "extraordinary" suggests that such a case would
be extremely rare, if it could happen at all. It is worth noting that we did not hold that such an
extraordinary situation could ever exist--we simply declined to discount the possibility.

 The present case is not even remotely extraordinary. Unfortunately, crimes are often
committed by people who are severely intoxicated. And the fact that a defendant was too drunk at
the time of the incident to remember what happened is one of the paradigm examples used to support
the legal proposition that amnesia alone does not render an individual incompetent to stand trial. (8) 
We recognized in Morris that the competency question assesses "the defendant's mental condition
at the time of trial." (9) The competency standard requires that the defendant have "a sufficient present
ability to consult with the lawyer with a reasonable degree of rational understanding" and "a rational
as well as factual understanding of the proceedings against him." (10) If an extraordinary situation
involving amnesia does exist, it would have to be where the amnesia compromises a defendant's
ability to think rationally. (11) That is not the claim here, nor is it the case. Appellant's asserted 
present inability to remember the events surrounding the murder does not impair his rational thought
process and therefore does not render him incompetent.

 We affirm the judgment of the court of appeals.


Delivered: June 16, 2010

Publish 
1. Gonzales v. State, No. 13-07-251-CR, slip op. at 7 (Tex. App.-Corpus Christi August 28,
2008) (not designated for publication).
2. Montoya v. State, 291 S.W.3d 420, 424 (Tex. Crim. App. 2009).
3. Id. at 425.
4. 301 S.W.3d 281, 292 (Tex. Crim. App. 2009).
5. Id. at 292-93.
6. Id. at 293 (quoting Comment, Amnesia: a Case Study in the Limits of Particular Justice,
71 Yale L.J. 109, 128 (1961)).
7. Id. at 293.
8. See United States v. Stevens, 461 F.2d 317, 320-21 (7th Cir. 1972) (discussing alcoholism-induced amnesia addressed in United States v. Sullivan, 406 F.2d 180 (2d Cir. 1969)); Wilson v.
United States, 391 F.2d 460, 465 (D.C. Cir. 1968) (Leventhal, J., concurring)(saying a defendant
who suffers amnesia due to injury is not significantly different "from a defendant who was so
intoxicated that he 'passed out on his feet' at the crucial time, and does not now have the slightest
recollection with which he can give his counsel any help as to what he was doing at that critical
time"); State v. McClendon, 103 Ariz., 105, 108, 437 P.2d 421, 424 (quoting Commonwealth ex. rel.
Cummins v. Price, 421 Pa. 396, 406, 218 A.2d 758, 763 (1966) saying that an amnesia defendant "is
as able to cooperate with his counsel in making a rational defense as is any defendant who alleges
that at the time of the crime he was insane or very intoxicated or completely drugged, or a defendant
whose mind allegedly went blank or blacked out or who panicked and contends or testifies that he
does not remember anything"); Morrow v. State, 293 Md. 247, 254, 443 A.2d 108, 112 (1982) ("the
practical effect of amnesia is the same as being alone in bed at the time of the crime . . . or memory
loss from drunkenness or drugs"); State v. Avery, 315 N.C. 1, 337 S.E.2d 786 (1985) (quoting State
v. Willard, 292 N.C. 567, 576-77, 234 S.E. 2d 587, 593 (1977): "Partial amnesia places a defendant
in no worse a position than the defendant who cannot remember where he was on a particular day
because of the passage of time, or because he was insane, very intoxicated, completely drugged, or
unconscious at the time."); State v. Peabody, 611 A.2d 826, 832 (R.I. 1992)("Inevitably in this
jurisdiction and others persons will be charged with crimes for which they have no memory. The
causes of their amnesia may vary from psychological or physical trauma to drug or alcohol-induced
blackout. . . . We do not wish to provide a means of evading trial to those who are charged with
criminal activity but cannot recall such activity owing to fortuitous circumstances or otherwise.").
9. 301 S.W.3d at 292-293.
10. Id. (citing Tex. Code Crim. Proc. art. 46B.003(a)). 
11. See People v. Francabandera, 33 N.Y.2d 429, 436, 310 N.E.2d 292, 295, 354
N.Y.S.2d 609, 614 (Ct. App. 1974) ("Defendant here was perfectly rational and sane at the time
he would have stood trial had he so opted."); Frederick v. State, 2001 OK CR 34, 37, 37 P.3d
908, 924 (2001).